## COMMONWEALTH *vs.* LORING F. HINDS.

An indictment for forging an instrument of the tenor following: " Boston, Aug. 6th, 1868. St. James Hotel. I hereby certify that L. W. Hinds & Co. have placed in my hotel a card of advertisements as per their agreement by contract. J. P. M. Stetson, Proprietor," without any averment of extrinsic matter to show that the instrument is adapted to be used for the purpose of fraud otherwise than appears on its face, is bad at common law.

AMES, J. The indictment charges, that the defendant, on, &c., at, &c., " feloniously did falsely make, forge and counterfeit a certain false, forged and counterfeit certificate, which said false, forged and counterfeit certificate is of the tenor following, to wit : ' Boston, Aug. 6th, 1868. St. James Hotel, Franklin Square. I hereby certify that L. W. Hinds & Co. have placed

in my hotel a card of advertisements as per their agreement by contract. J. P. M. Stetson, Proprietor,' with intent thereby then and there to injure and defraud. Against the peace," &c. To this indictment the defendant pleaded guilty, and then moved in arrest of judgment, " because the facts alleged, and admitted by the plea of guilty, do not constitute the crime of forgery, or any other crime or offence against the laws of the Commonwealth." The court *pro formâ* refused to grant this motion, and the defendant excepted to this ruling.

The instrument described in the indictment does not fall within the enumeration contained in any of our statutes against forgery. But as that enumeration is not intended to include all the instruments which may be the subjects of forgery, ( *Common wealth* v. *Ayer*, 3 Cush. 150,) it is important to consider whether the indictment can be maintained for a forgery at common law The plea of guilty is, of course, a confession of all the facts charged in the indictment, and also of the evil intent imputed to the defendant. It is a waiver also of all merely technical and formal objections of which the defendant could have availed himself by any other plea or motion. But if the facts alleged and admitted do not constitute a crime against the laws of the Commonwealth, the defendant is entitled to be discharged.

In order to maintain an indictment for forgery at common law, it must appear not only that there has been a false making of a written instrument, for the purpose of fraud or deceit, but also that the forged instrument is of such a description that it might defraud or deceive, if used with that intent. Is there anything in this indictment, which, with all the light that can be derived from the plea of guilty, manifests any such tendency or capacity in this false certificate ? Cculd any fraud have been effected by it ? It does not purport to be an order for the payment of money, or a voucher which the defendant made use of for his advantage. It does not appear what use was intended to be made of it, or how it could have been used to the benefit of the defendant or the prejudice of anybody else. It falsely asserts, as a fact, a matter, which, if true, would apparently be of absolutely no significance or importance. The mere possi-

bility that it might be used, in some way which can only be sur-mised, for some undisclosed fraudulent purpose, is not enough to maintain the indictment, even after a plea of guilty.

If the fraudulent character of the forged instrument is not manifest on its face, this deficiency should be supplied by such averments as to extrinsic matter as would enable the court judi-cially to see that it has such a tendency. We find nothing of the kind in the present indictment, and therefore cannot say that the plea of guilty is a confession of any crime whatever.

*Judgment arrested.*

*N. Richardson*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.