Anderson J.
delivered the opinion of the court.
This is an indictment against the plaintiff in error in the County court of Matthews for taking oysters with ordinary oyster tongs without paying the tax *993 thereon. There are three counts in the indictment; but they do not materially differ in the charge made against the defendant. There was a demurrer to the indictment, and to each count thereof, in which the Commonwealth joined, which was overruled by the court; and the defendant plead not guilty. Upon the issue the jury found the defendant guilty, and assessed his fine at ten dollars, for which there was judgment against him. And upon a writ of error and supersedeas to that judgment the Circuit court of Matthews affirmed it; and the cause is brought here upon a writ of error and supersedeas to the judgment of the Circuit court.
The court is of opinion that all the counts in the indictment are fatally defective, because they charge no offence against the law. The constitution of Virginia, art. 10, section 2, expressly provides that “ no tax shall be imposed on any of the citizens of this state for the privilege of taking or catching oysters from their natural beds with tongs.” But a tax on the amount of sales of oysters so taken is authorized. If he had been taxed on the amount of sales of oysters, which might lawfully he done, and which was the design of the statute, he might be indicted for taking the oysters for sale without paying the tax. But the indictment does not so charge in either of the counts. He might have done everything which the indictment charges, and not be guilty of an offence. Commonwealth v. Young, 15 Gratt. 664. He might lawfully have taken the oysters without paying the tax. He might have taken them for family use, and not for sale, with tongs, which would have been no offence. The indictment must clearly allege the offence described in the statute. Old’s case, 18 Gratt. 915. If the statute under which this indictment is made describes *994 any offence at all, it is the refusal to pay, or non-payment of a tax on oysters which he has taken for sale. It is evidently designed to impose a taxon the amount of sales of the oysters taken; and the non-payment of a tax so imposed is the offence. The taking of oysters ad libitum, if not for sale, or planting for sale, without paying the tax, is no offence. It is unnecessary to consider the instructions.
The court is of opinion therefore that the County court erred in overruling the demurrer, and the Circuit court erred in affirming the judgment of the County court. It is therefore considered that the judgment of the Circuit court be reversed and annulled; and the court proceeding to enter such judgment as the Circuit court ought to have entered, it is considered that the judgment of the County court be reversed and annulled, and that the plaintiff in error be discharged from further prosecution under this indictment, and go thereof without day.
Judgment reversed.