## COMMONWEALTH *vs.* RICHARD J. DUNLEAY.

Bristol.    October 24, 1892. — November 23, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Uttering Forged Instrument — Common Law and Statute — Indictment —*
*Motion to quash — Appeal — Exceptions.*

A paper writing, alleged to have been uttered and published with knowledge that the same was "false, forged, and counterfeit," though not one of those enumerated in the Pub. Sts. c. 204, § 1, may be the subject of an indictment at common law.

An indictment for uttering and publishing as true, knowing the same to be " false, forged, and counterfeit," a certain paper writing set forth, which is an application for a policy of life insurance containing numerous questions and answers, without such averments as to extrinsic matter as will enable the court judicially to see that the writing has a tendency to defraud or deceive, is insufficient at common law.

An appeal lies, under the Pub. Sts. c. 152, § 10, from an order of the Superior Court overruling a motion to quash an indictment before final judgment.

It is no objection to a motion to quash an indictment, that the defects complained of are not specifically assigned, under the Pub. Sts. c. 214, § 25, if the defects are not formal, apparent on the face of the indictment.

INDICTMENT, the first count of which, the other counts being of similar tenor, alleged that the defendant, at Taunton, on March 1, 1889, " knowingly, falsely, and fraudulently did utter and publish as true a certain false, forged, and counterfeit paper writing, with intent then and there thereby to injure and defraud, he the said" defendant " then and there well knowing the said paper writing to be false, forged, and counterfeit, which false, forged, and counterfeit paper writing is of the tenor following." Then followed an application for a policy of life insurance containing numerous questions and answers.

In the Superior Court, before the jury were impanelled, the defendant moved to quash the indictment for the following reasons : " 1. The allegations of the indictment set forth no offence described by the Public Statutes or the amendments thereof. 2. There is no offence described which is punishable at, common law.    3. There is no offence described in the indictment."

*Braley*, J., overruled the motion ; and the defendant appealed and excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. V. Fuller,* (*A. Fuller* with him,) for the defendant.

*C. N. Harris,* Second Assistant Attorney General, for the Commonwealth.

LATHROP, J.   The paper writing which the defendant is alleged to have uttered and published, knowing the same to be "false, forged, and counterfeit," is not one of those enumerated in the Pub. Sts. c. 204, § 1.   This statute does not, however, supersede the common law; *Commonwealth* v. *Ayer,* 3 Cush. 150; *Commonwealth* v. *Hinds,* 101 Mass. 209, 210; and the principal question in the case is whether the indictment sufficiently sets forth a forgery at common law.

In *Commonwealth* v. *Hinds,* it was said by this court, "In order to maintain an indictment for forgery at common law, it must appear not only that there has been a false making of a written instrument, for the purpose of fraud or deceit, but also that the forged instrument is of such a description that it might defraud or deceive, if used with that intent"; and that, "If the fraudulent character of the forged instrument is not manifest on its face, this deficiency should be supplied by such averments as to extrinsic matter as would enable the court judicially to see that it has such a tendency."   See also *Commonwealth* v. *Ray,* 3 Gray, 441.

In the case at bar, the instrument set forth as forged is an application for a policy of insurance.   It is not a contract, and does not purport to be one.   The use which was intended to be made of it does not appear; nor "how it could have been used to the benefit of the defendant or the prejudice of anybody else. . . . The mere possibility that it might be used, in some way which can only be surmised, for some undisclosed fraudulent purpose, is not enough to maintain the indictment."   101 Mass. 210, 211.   The indictment, therefore, is insufficient.

The government, however, contends that this question is not properly before us.   It is argued that the defendant can take nothing by his appeal.   The Pub. Sts. c. 152, § 10, provide that "A party aggrieved by a judgment founded upon matter of law apparent on the record, in any proceeding civil or criminal, except a judgment upon an answer or plea in abatement, or

motion to dismiss for defect of form of process, may appeal therefrom to the Supreme Judicial Court." A motion to quash an indictment is not a plea in abatement, and we can hardly suppose that the government seriously contends that it is a motion to dismiss for defect in form of process, although the point is taken on its brief. It was indeed once held that an appeal would not lie to this court from an order of the Superior Court, overruling a motion to quash, before final judgment. *Commonwealth* v. *Hanley*, 121 Mass. 377. But it is now settled that an appeal will lie from such an order, if the defendant is tried and found guilty, and the case is ripe for judgment. *Commonwealth* v. *McCormack*, 126 Mass. 258.

The government next contends that, if the indictment is defective, it is only so as to formal averments, and that these are not specifically assigned, as required by the Pub. Sts. c. 214, § 25. The answer to this is that the defects are not formal, apparent on the face of the indictment. In the language of this court, in *Commonwealth* v. *Boston & Maine Railroad*, 133 Mass. 383, 387, "There is nothing on the face of this count which would enable the court, on inspection thereof, to determine what should be added or changed, to meet the case intended to be relied on."

As we are of opinion that the question is properly before us on appeal, it is unnecessary to determine whether the defendant can take anything by his exception to the order overruling the motion to quash. See *Commonwealth* v. *Eastman*, 1 Cush. 189, 214; *Commonwealth* v. *Ryan*, 9 Gray, 137; *Commonwealth* v. *McGovern*, 10 Allen, 193. As the appeal is set forth in the bill of exceptions, it will be sufficient to sustain the exceptions.

*So ordered.*