State vs. Murphy.

---

## No. 11,453.

### THE STATE OF LOUISIANA VS. J. W. MURPHY.

The State appeals from a judgment sustaining a motion to quash an indictment charging the accused with having committed forgery.

The statute under which the indictment was framed does not comprehend the act of altering an account independently of, and without reference to, any receipt, or intent to use it as part of a receipt or acquittance.

State vs. Murphy.

When in a case of forgery the instrument forged does not, on its face, appear to be valuable or adapted to work a fraud, extrinsic matter must be averred to enable the court to see its fraudulent tendency in matter of law.

APPEAL from the Tenth District Court, Parish of Rapides.
Andrews, J.

*M. J. Cunningham*, Attorney General, and *Phanor Breazeale*, District Attorney, for the State, Appellant:

The Southern Pacific Railroad transported certain furniture consigned to the Woodfine Furniture Company. represented by the defendant, Murphy. One piece, viz , a bedstead, was slightly damaged; Murphy had it repaired by Bragg & Rial, cabinet makers, and made out an account against Murphy, or the company which he represented, for the one dollar; Murphy changes the figure one to the figure five, making the account five dollars instead of for one dollar; he presents this account so altered and changed to the Southern Pacific Railroad Company, who has to pay for the work, and demands payment.

This is forgery. It is not obtaining money under false pretences, because the agent of the railroad does not pay the bill, prefering to investigate; and learning from Bragg & Rial the fact that they had made the account out for only one dollar, the grand jury preferred the charge of forgery, etc., against Murphy.

An open account is a "bill" in the intendment of the statute. R. S., Sec. 833.

It was intended in this instance to be a "receipt for money;" it was a "bill * * * for money or goods;" it was a " discharge * * * upon the payment of money;" it was to be a "receipt for money;" it was a "bill for money or goods." It was altered and forged so as to defraud the railroad out of four dollars. After committing the forgery he published it as a true "order, acquittance, discharge or receipt," with the guilty knowledge and with the fraudulent intent denounced by the statute.

It is an "instrument of writing," the altering or changing of which, if done with intent to defraud or injure, constitutes forgery.

The instrument declared on is not a *nudum pactum* as defined by Wharton, p. 584, Sec. 696.

It is neither palpably nor absolutely invalid, nor can it be said that under no circumstances could it be proof in a legal procedure.

On the contrary, it is valid on its face, can be the basis of a suit at law, and was intended and calculated to deceive, and to defraud and injure. Wharton, Sec. 696.

The entery of a false item in a pass book as commonly used between a grocer and his customer is forgery. Wharton, Sec. 664.

*Edwin G. Hunter* Attorney for Defendant and Appellee:

"Where the instrument is an account or a mere request for the payment of money, it is not subject to an indictment for forgery. In such a case if the money is paid, the indictment should be for obtaining money under false pretences; if the money is not paid, it should be for an attempt to obtain money under false pretences." Archibald, Vol. 2, p. 875 ; W. C. L., Vol. 1, Secs. 682, 662.

2. "The principle is a familiar one, that every indictment must show affirmatively the commission of an offence." Bishop, Vol. 2, Sec. 459.

3. It must appear upon the face of the indictment, by proper averments, that the instrument forged is of the particular kind prohibited by the statute upon which the indictment is founded." Bishop, Vol. 2, Secs. 414, 415; W. C. L., Vol. 1, Sec. 728; 30 An. 557, 570, 571; 37 An. 292.

4. Criminal statutes can not be extended to cases not included within the clear import of their language. 37 An. 730.

5. The document set out in the indictment is a *nudum pactum.* It is without capacity to injure any one—it is not covered by the statute, never was at any time, under any law, subject to forgery. American and English Encyclopedia of Law, Vol. 8, p. 489; W. C. L., Vol. 1, Sec. 703; Bishop, Vol. 2, Secs. 503. 511; 30 An. 562, 563, 567.

6. In this State there is no such offence as "publishing and uttering as true a false and forged document. The statute makes it a crime to alter and publish," etc. 30 An. 572, 573.

7. Under the statute the indictment must charge that the intent was to defraud some person, or body politic or corporate. The indictment does not charge whether the uttering and publishing was done to defraud "any person, or body politic or corporate." R. S., Sec. 833; W. C. L., Vol. 1, Sec. 716; Bishop, Vol. 2, p. 207, Secs. 420, 421.

8. Where the forgery is charged to consist in the insertion of figures or words in a genuine document, the indictment must distinctly set forth the position of the inserted words, so that their effect upon the original meaning of the document may appear. Where the entire document is charged to be a forgery, this particularity is not required. W. C. L., Vol. 1, Secs. 735, 728; American and English Encyclopedia, Vol. 8, 506, 520.

9. The crimes charged in this indictment are separate offences and can not be charged in one indictment, unless in separate counts. W. C. L., Vol. 1, Sec. 712; 20 An. 557; 38 An. 202.

10. Taken as a whole, this indictment is too vague and uncertain to serve as a foundation for a prosecution for forgery. A document may be altered and published without being forged, and the allegations in this indictment and the document, set out as the basis for the charge, all show that there can be no forgery in this case. The document is not susceptible of being forged. It does not come within the statute; it is signed by no one, it could deceive no one, it does not amount to even a request for money or goods and is absolutely without capacity to injure any one. It is not a document known to the law. In fact, it is a worthless and harmless piece of paper and can not be tortured into the "bill" contemplated by the statute.

A party can not be tried for the forgery of an account, even if an account was included in the statutes, on an indictment charging him with the forgery of a bill. Bishop, Vol. 2, Secs. 414, 415; W. C. L., Vol. 1, Sec. 728; 30 An. 557, 570, 571.

The opinion of the court was delivered by

BREAUX, J. The following propositions are those principally relied upon by the defendant in support of the ruling of the court *a qua,* maintaining the motion to quash and ordering the indictment quashed:

27

That the writing charged to have been forged is not included within the operation of the statute, under which the indictment was framed.

That the indictment does not, on its face, show any legal validity. That the indictment contains no averment which could give the instrument any force and effect beyond what the writing itself contains.

The defendant was charged in the indictment with having fraudulently forged, changed and altered a certain bill for $1 as follows, to-wit:

ALEX., April 16, 1893.

*Woodfine Fur.:*

Bought of Bragg & Rial,

April 5, repairing on bedstead $5.

The indictment further sets forth that the bill had previously been made out for the sum of $1 by the said Bragg & Rial; that it had been thus forged for the purpose of obtaining the " sum of $4.50 of the value of $4.50 from the Southern Pacific Railroad Company through their agent, H. B. Chase."

It is further charged that knowing it to be a forgery the defendant falsely, fraudulently and feloniously published and uttered the bill as true by demanding payment of the same from the Southern Pacific Railroad Company, with intent feloniously to defraud.

The pertinent part of the statute upon which the indictment was drawn reads: That whoever shall forge, counterfeit or alter any public record, any certificate or attestation of any public officer, in any matter wherein his certificate or attestation is receivable and may be taken as legal proof, any charter, deed, will, testament, bond, letter of attorney, policy of insurance, or *bill of exchange* and promissory note, order, acquittance or discharge for or upon the payment of money or delivery of goods, any acceptance of a *bill of exchange,* or any indorsement or assignment thereof, or promissory note for the payment of money or goods, or for any note, *bill* or security for money or goods, or shall alter or publish as true any such false, altered, forged or counterfeited record, certificate or attestation, charter, deed, will, testament, bond, letter of attorney, policy of insurance, *bill of exchange,* promissory note, acceptance, indorsement, assignment, order, acquittance, discharge or receipt.    (The italics are ours.)

The word "bill" inserted in the section of the statute, without the

expressed qualification of exchange, is not the word "bill" defined by lexicographers as conveying an account of charges and particulars of indebtedness by the creditor to his debtor.

The words " of exchange " are not repeated, but are made evident as qualifying terms by the words following, clearly conveying the meaning that a bill of exchange is the instrument referred to in the statute.

Such false, altered, forged or counterfeit bill of exchange refers to the word "bill" as well as to the words "bills of exchange," previously expressed in the section, and does not include in the denunciation the act charged in the indictment.

For the purpose of this case, it may be conceded that " open account " and bill are convertible terms and that a statute denouncing the act of altering a bill would include within its intendment the forging of an account.

We do not read the statute, under which this indictment was found, as authorizing the prosecution in this case.

The writing forged was evidently intended to serve for a receipt in the event the money had been paid.

Upon that hypothesis, it is argued, on the part of the State, that the act comes within the intendment of the statute.

The statute denounces the forging of an acquittance, which is in effect a receipt; and covers within its terms the forging of a receipt.

In answer to the proposition that the writing forged constitutes forgery, because an attempt was made to use it as a receipt, two grounds suggest the invalidity of the indictment.

In the first place, the defendant is not charged with having forged a receipt, nor with having forged the writing with the intent of obtaining the amount on it as a receipt.

In the second place, the instrument does not sufficiently appear as being, on its face, within the meaning of the statute, and the averments of the indictment do not make it appear that the alleged forged instrument was one intended by and described in the statute.

On the second ground also, the judgment appealed from is legal.

If the incomplete instrument of writing can be made complete by averments, it can not form the ground of a prosecution in its incomplete state.

An instrument to be the subject of forgery must be capable, if genuine, of being proof in legal process.

The writing in this case of itself, unexplained, unconnected with any other fact, is not admissible in evidence to charge the defendant.

The meaning of the transaction does not appear from the instrument itself.

While it is contended that the purpose was to defraud the Southern Pacific Company, its name does not appear in the writing, nor is it stated how it was purposed to defraud this company, nor is it alleged how it was possible to obtain the amount, or why such a payment was expected.

The company is not represented to have been at all indebted to any of the parties named, or that there was the least obligation on the part of the company to pay any amount whatever.

In case of an account or a proposed receipt, there could not be a fraud unless a debt existed.   Wharton's Criminal Law, 9 Ed., p. 740.

The relation of debtor and creditor or the responsibility of some one to pay an amount may not appear in the writing and yet exists.

But it can not be proved unless alleged.

Upon that subject, Mr. Wharton says (p. 740) :

"Where an instrument is incomplete on its face, so that as it stands it can not be the basis of any legal liability, then, to make it the technical subject of forgery, the indictment must aver such facts as will invest the instrument with legal force.   Thus, where an indictment charged that A did feloniously and fraudulently forge a certain writing, as follows: 'Mr. Bostick, charge A's account to us, B and C.' with intent to defraud B and C, it was that the indictment was not valid without charging that A was indebted to Bostick, as there could be no fraud unless a debt existed."

The account was ineffective on its face, against the Southern Pacific Company, and no attempt thereby appears to have been made to charge that company, either in the account as originally made or as altered.

The indebtedness may be proved *aliunde*.   To admit the proof and give legal force to the indictment it must aver such facts as will invest the instrument with legal efficacy.

"Where an instrument is not on its face sufficiently full to be a receipt, the defect may be supplied by showing a course of dealing between the parties in which it is understood to be and treated as such.   This extrinsic matter must appear both by averment and proof."

Forgery consists in falsely making or materially altering or uttering with intent to defraud a note or other instrument in writing, which, if genuine, might be of legal efficacy or might be the foundation of legal liability.

Assuming for the discussion that the account forged is genuine, it is not *per se* of legal efficacy against any one without additional averments in the indictment setting forth the facts connected with the transaction.

This writing is not within the statute and has no legal force; unexplained, it does not enable the court to determine its fraudulent tendency in matter of law.

The judgment appealed from is affirmed.