# CHARLESTON.

## STATE v. I. W. DAVIS.

Submitted October 5, 1920.    Decided October 12, 1920.

1.   FORGERY—*Indictment Must Aver Extrinsic Facts Where Fraudulent Character of Writing is not Apparent on its Face.*

Where the fraudulent character of an alleged forged writing does not appear on its face, but can only be made to appear

by innuendoes, introducing extraneous facts and circumstances necessary to show the fraudulent character of the writing and place it in the proper setting with relation to that which it purports to affect, not discernible except when read in the light of such facts and circumstances, the indictment must contain averments of such extrinsic facts. (p. 186).

2.  SAME—*Indictment for Forgery of Release, Not Showing Fraudulent Character, is Defective.*

An indictment charging forgery of a release of a deed of trust, and incorporating therein a copy of the alleged fraudulent writing, which does not, either through the writing set out, or by averments of extraneous circumstances, make sufficiently plain to be readily discernible the fraudulent and deceptive character of the writing and its relation to that which it purports to affect, is fatally defective, and defendant may take advantage thereof, after verdict, by motion in arrest of judgment. (p. 186).

3.  INDICTMENT AND INFORMATION—*Indictment for Forgery, not Showing Fraudulent Character of Instrument, is Not Within Curative Statute.*

A substantial defect of such character does not fall within the curative provisions of section 11, c. 158, Code 1918. (p. 188)

(WILLIAMS, PRESIDENT, absent.)

Error to Circuit Court, Raleigh County.

I. W. Davis was convicted on an indictment containing several counts charging forgery, his motion for a new trial and an arrest of judgment, made after verdict and before sentence, was denied, and he brings error.

*Reversed and remanded.*

*John Q. Hutchinson* and *Ashton File,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State

LYNCH, JUDGE:

An indictment found and returned at the October, 1917, term of the criminal court of Raleigh County, in the first count charged defendant with the forgery of a certain paper writing purporting to release a deed of trust, and in the second with having the forged paper in his possession and attempting to

utter and employ it as if it were genuine and lawful. In each count there is an averment of the felonious execution of the instrument and felonious use made of it. But the only attempt to describe and explain it appears in the instrument itself as copied in the indictment in each count in this language: "Which said forged paper writing is of the following purport and effect, to-wit: 'I, Albert Davis, hereby release a deed of trust executed by G. E. Davis to G. T. Trump, trustee for myself, dated the 15th day of May, 1913, recorded in the office of the clerk of the county court of Raleigh County, West Virginia, in Trust Deed Book J, at page 234, Albert Davis, (Seal),' with intent then and there to cheat and defraud, against the peace and dignity of the state." Defendant did not challenge the sufficiency of the indictment by demurrer or by motion to quash, and only entered the general issue plea of not guilty on which the case proceeded to the trial, which terminated in a verdict of guilty and sentence of confinement in the penitentiary for a period of four years, the judgment specifically fixing the term of two years for each count. However, after verdict and before sentence he did move for a new trial and in arrest of judgment, and excepted to the action of the court based thereon.

It seems to be law in some jurisdictions that defects in an indictment do not constitute ground for a new trial, but can be taken advantage of only by demurrer or motion to quash before pleading to the merits, or by motion in arrest of judgment after verdict. *Boswell* v. *State,* 114 Ga. 40; *State* v. *Taylor,* 37 La. Ann. 40; *Com.* v. *Irwin,* 2 Pa. L. J. 329. But whether it should be the declared law of this state or not it is unnecessary to determine, since there was a motion in arrest of judgment, and according to the authorities, such a motion, when based upon an objection which goes to the very essence of the charge, ought to be sustained unless cured by the statute of jeofails.

The first inquiry therefore is whether there is a substantial defect in the indictment, such a defect that, had defendant demurred or moved to quash it before pleading thereto, the court should have found it insufficient to put him upon trial; the second, whether, though so deficient, the statute cures the

defect after verdict. To repeat what has heretofore been said, the only description or attempted identification of the alleged forged instrument is in the paper itself as it is copied and quoted in the indictment. No other word or combination of words afford information or even intimation of its nature, character or purport. The language in which it is couched alone explains it or gives an idea what instrument defendant forged and uttered, if any, and that only in the nature of a recital. There is in the head notes to *Goodman* v. *People,* 228 Ill. 154, as reported in 81 N. E. 830, a succinct statement of the law applicable to the facts of this case. . We quote: "Where the fraudulent character of an alleged forged writing does not appear upon its face, but can only be made to appear by innuendoes, introducing extraneous facts and circumstances, which show that the writing possessed a fraudulent character, not discernible except when read in the light of such facts and circumstances, the indictment must contain averments of such extrinsic facts." Unless the instrument, the forgery of which is charged to defendant, distinctly appears to be of the kind calculated to deceive, it is necessary to aver extrinsic matter in aid thereof, so that independent of proof the court can see and judicially know its fraudulent and deceptive tendency. *Terry* v. *Commonwealth,* 87 Va. 672; *Rembert* v. *State,* 53 Ala. 467; *Fomby* v. *State,* 87 Ala. 36; *Reed* v. *State,* 28 Ind. 396; *State* v. *Cook,* 52 Ind. 574; *Shannon* v. *State,* 109 Ind. 407; *State* v. *Murphy,* 46 La. Ann. 415; *Commonwealth* v. *Dunleay,* 157 Mass. 386; *People* v. *Drayton,* 168 N. Y. 10; *King* v. *State,* 27 Tex. App. 567. In the first Indiana case cited the indictment charged the fraudulent forgery of a certificate set out in extenso showing the accused to have been mustered into the United States military service and as such entitled to a bounty of $300, and the court held the indictment defective because it failed to disclose fraudulent tendency of the certificate. To like effect is the Shannon case cited. In *Commonwealth* v. *Dunleay,* a case involving a forged application for a life insurance policy purporting to contain questions and answers, without averments other than the certificate copied in the indictment showed, the court held necessary to validity the averment

of extrinsic facts sufficient to disclose the deceptive effect of the forgery. To the same effect is *State v Cook* cited. In *Rembert* v. *State,* the instrument forged was in these words: "Due $8.25. Askew Brothers;" and the indictment was sustained because explanatory averments made plain the fraudulent and deceptive character of the writing. And so of other cases cited.

Judged by these citations, the indictment against Davis is insufficient, because, as already observed, there is no such description of the paper as enables a person possessed of the ordinary faculties to know the effect it would or could produce, when casually examined without reference to other facts and circumstances immediately associated with it but not averred. There is no averment that the alleged release was acknowledged and the copy thereof set out in the indictment does not disclose such fact. There may have been a trust deed of the character set out in the release, but what kind of a deed it does not disclose; and the indictment does not state any facts to give the deed and release their proper setting. It does not stand the test required by section 6, c. 158, Code 1918, which in substance requires the same averments in forgery indictments as in an indictment for the larceny of the instrument, supposing it to be subject to larceny. Who would steal a release unless the thief knew what the indictment fails to make known?

Then as to the curability after verdict by the jeofails statute, section 11, c. 158, Code 1918, which is: "Judgment in any criminal case, after a verdict, shall not be arrested or reversed upon any exception to the indictment or other accusation, if the offense be charged therein with sufficient certainty for judgment to be given thereon, according to the very right of the case." This statutory relaxation of the strict common law requirements for an indictment charging a criminal offense, whether it be a misdemeanor or a felony, is not to be interpreted an an invitation to laxity or looseness in its averments, but, according to *Barker* v. *Commonwealth,* 2 Va. Cas. 122, and *Old* v. *Commonwealth,* 18 Gratt. 915, its only purpose is to cure defects due to the technical and unwarranted judicial distinctions introduced into the common law without jeopardizing the rights

of the state or the accused. The omission of the word "felonious," used to describe the larcenous intent to steal bank notes, is not within the curative provisions of the statute, as held in the Barker case. The verdict did not bar defendant's right to relief from conviction for misbehavior in office where the indictment failed to charge corruption and knowledge of the wrongfulness. *Jacobs* v. *Commonwealth,* 2 Leigh 709. See also to the same effect *Commonwealth* v. *Israel,* 4 Leigh 675, and *Commonwealth* v. *Peas,* 2 Grat. 629, all the cases cited being authorities binding upon this court.

Hence it follows that defendant's motion to arrest did not come too late to avail him; wherefore the judgment pronounced upon the verdict is erroneous, and being of that character, our order will reverse it, set aside the verdict, and remand the case.

*Reversed and remanded.*