# CHARLESTON.

STATE v. GEORGE W. MEADOWS.

Submitted November 1, 1921.     Decided November 8, 1921.

FORGERY—*Indictment for Forging Deed Held Fatally Defective.*

An indictment for the forgery of a deed purporting to convey land, which does not allege the existence of the land and that the grantor named in the deed actually owned the land described, nor describing the deed as containing some covenant, or showing on its face that the grantor could have been injured or prejudiced thereby, is fatally defective, and should, on motion of the defendant, be quashed.

Error to Circuit Court, Kanawha County.

89 W. Va.

George W. Meadows was convicted of forging and uttering a forged instrument, and he brings error.

*Reversed and remanded.*

*C. J. Vanfleet, J. F. Cork,* and *J. W. Kennedy,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for 'the State.

MILLER, JUDGE:

The indictment is in two counts. The first charges defendant with feloniously and intentionally forging, and the second with uttering and attempting to employ as true, a certain paper writing commonly called a deed, purporting to have been made on October 9, 1915, between the Rosin Coal Land Company, a corporation organized and existing under the laws of West Virginia, as party of the first part, and Clara Meadows, wife of Geo. W. Meadows, party of the second part, and purporting to convey to her a certain lot of land situate west of Brooks' Hollow and north of the county road, in Malden District, Kanawha County, West Virginia, a short distance above the city of Charleston, and described as containing twenty-one acres, for a certain cash consideration and ten negotiable notes of the grantee, payable to said corporation, and negotiable and payable at a certain bank, and purporting to bear the corporate seal of said company, and to have been acknowledged before a certain notary public, with intent to defraud against the peace and dignity of the state.

Defendant's demurrer and motion to quash the indictment were overruled, and this action of the court is the first point of error relied on to reverse the judgment of imprisonment against him, founded upon the verdict finding him guilty.

The indictment does not describe the deed in *haec verba,* and contains no averment that the Rosin Coal Land Company, the grantor named, in fact owned the land described, nor any land, nor that the deed alleged to have been forged contained any covenant, which on its face and unaided by extrinsic facts, not averred, would render the said grantor

liable thereon, nor any averment showing that the said grantor would have been injured or prejudiced thereby.

We recently decided in *State* v. *Davis,* 87 W. Va. 184, that when the fraudulent character of an alleged forged writing does not appear on its face, but can only be made to appear by innuendoes introducing extraneous facts and circumstances necessary to show the fraudulent character of the writing so as to give it a proper setting with relation to that which it purports to affect not otherwise discernible, the indictment will be regarded as fatally defective, and should be quashed. In that case the subject of the forgery was an alleged release of a deed of trust, described but averring nothing to show the existence of any such deed of trust, nor how nor in what way the parties to any such deed would have been injuriously affected by such release if it had been genuine, wherefore the indictment was held to be fatally defective and insufficient to support a verdict, and that the judgment thereon should have been arrested on motion of the defendant.

So in this case, the instrument not setting out in full the deed alleged to have been forged, which, when introduced in evidence, disclosed that it contained covenants of general warranty, and if it had been fully set out in the indictment, might have shown on its face that the purported grantor might have been prejudiced and injured thereby, was defective in the same particular as that in the case of *State* v. *Davis.* It was lacking in averment of such outside facts as would show prejudice or injury to the rights of either party to the alleged deed.

In many cases, perhaps in most, the forged instrument, when described, will disclose on its face that it is capable of being used to defraud. Bonds, notes, checks and other instruments for the payment of money or creation of other duties or obligations, are of that character. *Goodman* v. *The People,* 228 Ill. 154, 157; *Arnold* v. *Cost,* (Md.), 22 Am. Dec. 302, and note 314. And such was the character of the order involved in *State* v. *Tingler,* 32 W. Va. 546. But such is not the character of the instrument—the deed—described in the indictment in this case. In *The People* v. *Wright,* (N.

Y.), 9 Wend. 193, 197, the court says: "Now although the mortgage which is set out in *haec verba*, purports to embrace a part of lot No. 21, in Dryden, yet for aught appearing in the indictment, there may not be such a lot or tract of land in existence; it may be wholly imaginary, and for that reason its existence ought to have been averred and proved upon the trial, in order to show that the instrument purported to be a charge upon the land within the meaning of the section. If it was not, it was wholly inoperative. Neither is it alleged in the count that Shafer, the mortgagor, whom the prisoner intended to defraud, had any interest in the land the mortgage purported to affect; and if he had not, it is difficult to discover how he could be defrauded."

Some cases are cited by the attorney general from code states where the forms of indictment for forgery are prescribed by statute, and which are for this reason inapplicable.

Our conclusion is that the indictment in this case is fatally defective and should have been quashed on defendant's motion. We therefore reverse the judgment, set aside the verdict, and remand the case to the circuit court.

*Reversed and remanded.*