# CHARLESTON.

STATE *v.* BANNER FUGATE

(No. 5852)

Submitted May 10, 1927.          Decided May 17, 1927.

1. FORGERY—*Indictment Charging Forgery of Check, Set Out in Full, Held Good on Demurrer; Specific Averments of Corporate Existence of Bank on Which Forged Check is Drawn and Character of Party to be Defrauded Are Not Essential to Validity of Indictment for Forgery.*

    An indictment charging, in effect, that the defendant did forge a certain paper writing, purporting to be a check, and which said forged check, set out in full therein, has all the essential elements of a bank check in common usage for the payment of money, with the usual averment that it was made with intent to defraud, is good on demurrer. Specific averments of the corporate existence of the bank on which the check is drawn and the character of the party (whether corporation, partnership or individual) to be defrauded are not essential to its validity. (p. 655).

    (Forgery, 26 C. J. §§ 77, 104.)

2. SAME—*Forged Check Described in Indictment Held to Disclose on Face That it Was Capable of Being Used to Defraud.*

    In this case the forged instrument described discloses upon its face that it is capable of being used to defraud. (p. 656).

    (Forgery, 26 C. J. § 90.)

3. CRIMINAL LAW—*In Prosecution for Forgery, Admitting Notice of Protest of Check Stating on Face That Reason for Protest Was Forgery Held Error (Const. Art. 3, § 41).*

    It was error to admit the notice of protest of the check in this case, since it stated on its face that the reason for the protest was that the check was forged. (p. 657).

    (Criminal Law, 16 C. J. § 2113.)

4. SAME—*On Question of Mental Capacity to Commit Offense, Nonexpert Witness May be Allowed to Express Opinion, if he Has Personal Knowledge of Facts on Which Opinion is Based.*

    When the question of mental capacity of one charged with crime to commit it is involved, a non-expert witness may be allowed to express his opinion, where he has personal knowledge of the facts on which his opinion is based. (p. 657).

    (Criminal Law, 16 C. J. § 1540.)

5.    SAME—*On Defense of Mental Incapacity, True Test is Whether Defendant Had Sufficient Mentality to Distinguish Between Right and Wrong of Act; Proof of Insanity Must be by a Preponderance of Evidence.*

Point 1 in syllabus in case of *State* v. *Evans,* 94 W. Va. 47, relating to mental incapacity to commit crime, applied.    (p. 658).

(Criminal Law, 16 C. J. §§ 75, 1587.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Cabell County.

Banner Fugate was convicted of forgery, and he brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Thomas West* and *T. W. Peyton,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

WOODS, JUDGE:

Banner Fugate was indicted in the common pleas court of Cabell county charged in one count with forgery of a bank check, and in another with uttering and an attempt to employ as true said forged check.    He was tried, found guilty and sentenced to a term of five years in the penitentiary. The case comes here from a judgment of the circuit court of said county affirming the action of the common pleas court.

According to the testimony of the State, on the day of the alleged forgery, the defendant, a youth, came from Ashland, Kentucky, where he had been working, to Huntington, and about 9 o'clock, A. M., visited the office of Azel Meadows, a real estate dealer, and stated that he desired to buy a house. Mr. Wise, one of the salesmen, took him out in a car to see several houses; and after some time defendant decided on a house and lot, and for the cash payment had Mr. Meadows draw up a check on the Bank of Commerce of Williamson, which he, the defendant, signed, "Turner Coal Company, by W. R. Turner", having theretofore represented himself as being W. R. Turner.    A receipt was given him, and a deed was to be delivered to "Turner" upon payment of deferred

payments. Defendant claims that he had met Mr. Wise on a former visit to Huntington; that on this visit that he met Wise as he got off the car; that Wise give him something to drink; that he doesn't remember of ever having reached Meadows' office, or having visited any property. State's witnesses testify that defendant came to the office and inquired concerning a house and lot; that Mr. Wise took him out to view certain properties; that nothing was noticed in defendant's conduct to indicate that he was drunk, doped, or that he was of unsound mind. They state that defendant requested Mr. Meadows and Mr. Wise to call up the Bank of Commerce, of Williamson, and inquire if a check of the Turner Coal Company was good, stating at the time that he wanted to buy some furniture to place in the house just purchased, and wanted the real estate firm to find out from said bank if the check of the Turner Coal Company was good, and that he would have the furniture man call back to them to ascertain if his check was good. The bank stated that the company was good for the amount of the check. Shortly thereafter defendant was placed under arrest. Previous to his apprehension, however, he did call up Mr. Wise, of the real estate firm, and asked if he (Wise) had gotten in touch with the Bank of Commerce of Williamson. The check was put through regular channels and four days later protested by National Bank of Commerce, Williamson.

The defendant moved to quash the indictment, assigning as error that it failed (1) to allege the corporate existence of the bank upon which the check claimed to have been forged was drawn; and (2) to allege the character of the party to be defrauded, i. e., whether it is a corporation, partnership, or an individual. In many cases, perhaps in most, the forged instrument, when described or set out in *haec verba*, will disclose on its face that it is capable of being used to defraud. Bonds, notes, checks and other instruments for the payment of money or creation of other duties or obligations, are of that character. *State* v. *Meadows*, 89 W. Va. 467; *Goodman* v. *People*, 228 Ill. 154. Such is the character of the instrument involved here. The indictment is drawn in the recognized

and approved form, and has been held sufficient, where the forgery and uttering of a check is concerned. *State* v. *Perry,* 101 W. Va. 123. In that case, the indictment did not contain the allegations claimed here to be essential to its validity.

While various other errors are assigned in the petition, counsel's chief reliance in his brief and argument before this court was confined to the following: (1) The introduction of so much of the notice of protest in evidence as stated on its face that the reason for refusing payment was that the note was "forged"; (2) the rejection of evidence bearing on the mental condition of the accused; and (3) the rejection of certain instructions requested by the defendant.

In support of the first assignment, it is urged that the evidence complained of violated Sec. 14 of our Bill of Rights (W. Va. Const., Art. III), providing that the defendant in criminal prosecutions be confronted with the witnesses against him. This right is fundamental in our jurisprudence. 8 R. C. L. 89. The question here was whether or not the note was forged. The defendant did not admit the forgery; hence it was an issue to be proved by competent evidence beyond a reasonable doubt. The written statement that the signature was "forged" was permitted to go to the jury, with all the consequent prejudicial effect flowing therefrom.

There is no necessity of any formal plea to avail the accused the right to defend under the claim of insanity—in this case, claim of mental incompetency to entertain the specific intent to defraud. It may be offered under the general issue of not guilty. *State* v. *Price,* 92 W. Va. 542; *State* v. *Toney,* 98 W. Va. 236. Where the question of the mental capacity of one is involved, opinions of non-expert witnesses, who are well acquainted with him, are competent. These opinions are based upon conduct contrary to that ordinarily attributable to one possessed of his faculties under similar circumstances, and not upon conduct which is attributable to sane persons. Likewise, the accused may show that he was incapable from intoxication of forming the intent necessary to constitute the crime of forgery. Cyc. of Ev., Vol. 5, p.

62. In the case under consideration, the evidence offered, and rejected by the Court, to the effect that the defendant's mind was unsound at the time of the commission of the alleged offense, and that this conclusion was formed from the manner and speech of defendant on the occasion of the commission of the alleged offense for which he was being tried, was pertinent to the issue, and it was error to reject it. This is especially true in this case where it does not appear that any profit could be derived from the act of the defendant in buying property in the name of a third person, whose name he had assumed—an illogical and inexplicable act. The defendant made no attempt to secure to himself any money or other thing of value. Viewing the case alone from the standpoint of that made by the State it is hard to see where the defendant could have reaped any benefit from the transaction. The purchase fully consummated would have resulted in a deed vesting title in another than the defendant.

In Instruction No. 3, the defendant asked the court to tell the jury that the finding of the indictment by the grand jury against the prisoner in the case was no evidence against him and must not be permitted to influence them in any manner in arriving at a verdict. This is an instruction usually given in all criminal trials. It was error not to give it. Instruction No. 7 would have told the jury that evidence sufficient to raise a reasonable doubt of the sanity of the defendant at the time of the commission of the act complained of in the indictment would entitle him to an acquittal. While this is held to be the law in some jurisdictions, it is not so in this State. The true test is held in *State* v. *Evans,* 94 W. Va. 47, to be that, in order to avail one charged with crime of the defense of insanity, it must be shown to the satisfaction of the jury by a preponderance of the evidence that the defendant at the time of committing the offense charged did not have sufficient power of mind to distinguish between the right and wrong of his act. This case finds support in *State* v. *Cook,* 69 W. Va. 717; *State* v. *Maier,* 36 W. Va. 757; *State* v. *Harrison,* 36 W. Va. 739. The instruction as requested by the defendant was properly refused. Instruction No. 12 re-

lates to the unaninimity of the jury. We have said repeatedly that such instruction, when requested, should be given, if the question was not adverted to in other instructions. *State* v. *McKinney*, 88 W. Va. 400. But here, the court did state to the jury in another instruction "that the burden is on the state, if it seeks a conviction, to convince each member of the jury from the evidence in the case of the guilt of the accused as charged beyond a reasonable doubt." In view of this, it was not error to refuse instruction No. 12.

What we have said disposes of all the questions presented, and calls for a reversal of the judgment complained of by the defendant.

*Judgment reversed; verdict set aside; new trial awarded.*