People v Manley (2020 NY Slip Op 07507)





People v Manley


2020 NY Slip Op 07507


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Ind No. 1204/13 Appeal No. 12619 Case No. 2017-2723 

[*1]The People of the State of New York, Respondent,
v
Eric Manley, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Whitney Elliott of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered January 3, 2017, convicting defendant, upon his plea of guilty, of sexual abuse in the first degree, and sentencing him to a term of two years incarceration, unanimously affirmed.
By pleading guilty, defendant forfeited his challenge to the sufficiency of the evidence presented to the grand jury (People v Guerrero, 28 NY3d 110, 116-117 [2016]; People v Hansen, 95 NY2d 227, 233 [2000]).
Contrary to defendant's argument, there is nothing in Class v United States (583 US &mdash, 138 S Ct 798 [2018]) to suggest a different rule. Class holds that a guilty plea, by itself, does not bar a federal defendant from seeking review of the constitutionality of the statute under which the defendant was convicted. Although the decision discusses some other claims that historically survive guilty pleas, none of these claims have anything to do with the sufficiency of evidence before a grand jury. The sufficiency of the grand jury evidence submitted here does not presents a constitutional issue. Indeed, the rationale for the holding in Class, as explained by the Court, was that a guilty plea reflected a "'confession of all the facts,'" but it did not preclude a challenge based on the notion that the "'facts alleged and admitted do not constitute a crime'" (Class, 138 S Ct at 804, quoting Commonwealth v Hinds, 101 Mass. 209, 210 [1869]). That is not the case here.
The grand jury evidence was sufficient to support the charge of sexual abuse in the first degree (Penal Law § 130.65[1]), including the element of "sexual contact," which means "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00[3]). The victim testified that defendant pulled down her pants and grabbed and rubbed her left buttock with his hand. This sufficed to permit the inference that defendant acted for the purpose of sexual gratification (see e.g. Matter of Traekwon I., 152 AD3d 431, 431-32 [1st Dept 2017]).
Defendant also argues that his plea allocution was insufficient because it did not include any admission of facts from which one could infer a purpose of sexual gratification. This claim is unpreserved (see People v Lopez, 71 NY2d 662 [1988]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Defendant's allocution contained admissions to the statutory elements of first-degree sexual abuse as recited by the plea court, and it did not negate an element of the crime, or cast doubt upon his guilt, or otherwise call into question the voluntariness of his plea (see People v Toxey, 86 NY2d 725 [1995]).
We perceive no basis for reducing the sentence, including the five-year term of post release supervision.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020