## SHEBNAH RICH *vs.* LANCASTER RAILROAD COMPANY.

The clerk of the county commissioners, and not their chairman, is the proper officer to attest copies of their records; and when an improperly certified copy of such a record has been admitted in evidence at a trial before a sheriff's jury, the production of a properly certified copy at the argument of a question of law in this court does not cure the defect.

MOTION in the Superior Court made by the petitioner to set aside the verdict of a sheriff's jury awarding him damages for the taking of his land by the respondent corporation.

At the trial before the sheriff the respondent objected to the introduction in evidence of a paper purporting to be a record of the doings of the county commissioners, and which was signed only by their chairman. But the paper was admitted. In the Superior Court the verdict was accepted, and the petitioner appealed.

*W. S. Gardner & J. T. Joslin*, for the petitioner.

*W. B. Gale & S. W. Hatheway*, for the defendants, produced a copy of the record of the county commissioners signed by their clerk, and argued that this cured the defect, if there was any, in the proof.

GRAY, C. J.   The clerk, and not the chairman, of the county commissioners, was the proper officer to make records of their doings and to attest copies thereof.   The memorandum of their action, not being the original record, nor certified by their clerk, nor proved by the oath of any one who had examined the original to be a true copy, was wrongly admitted in evidence.   Gen. Sts. *c.* 17, § 27; *c.* 121, §§ 6, 13.   *New Marlborough* v. *County Commissioners*, 9 Met. 423, 430.   *Ellis* v. *County Commissioners*, 2 Gray, 370, 374.   *Chamberlin* v. *Ball*, 15 Gray, 352.   *Greene* v. *Durfee* 6 Cush. 362.   The defect cannot be supplied in this court by a copy certified by the clerk, because nothing is brought up by the appeal but the questions of law appearing on the record; the case remains in the court below.   Gen. Sts. *c.* 115, § 12.   There being no competent evidence before us of the alleged action of the county commissioners, we cannot judicially pass upon its validity or effect.                              *Verdict set aside.*