### JULIA MALEY *vs.* SILAS MOSHIER.

Worcester.　October 4, 1893. — January 9, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Motion to dismiss — Appeal — Deposit of Money instead of furnishing Bond with Sureties.*

An appeal lies, under Pub. Sts. c. 152, § 10, from an order of the Superior Court overruling a motion to dismiss for want of jurisdiction, even if it does not appear that any judgment has been entered on the finding of the jury, provided there is apparently no reason why such judgment should not be entered if the motion to dismiss was properly overruled.

The deposit of a sum of money in a district court, to prosecute an appeal instead of

furnishing a bond with surety or sureties under Pub. Sts. c. 154, § 52, and St. 1882, c. 95, is not good ground for a motion to dismiss the action in the Superior Court.

FIELD, C. J.   This is an appeal from an order of the Superior Court, overruling a motion made by the plaintiff that the action be dismissed from the Superior Court for want of jurisdiction. It appears that the action was originally brought in the Central District Court of Worcester, in which the plaintiff recovered judgment for five dollars damages and the costs of suit, from which the plaintiff claimed an appeal to the Superior Court. A trial was had in the Superior Court, and the jury found for the defendant. After the verdict, the plaintiff filed the motion to dismiss the action. It does not appear that any judgment has been entered on the finding of the jury, but there is apparently no reason why such judgment should not be entered, if the motion to dismiss was properly overruled. Under these circumstances, we think that the appeal is properly before us. *Commonwealth* v. *McCormack*, 126 Mass. 258. *Commonwealth* v. *Dunleay*, 157 Mass. 386.

The ground of the motion to dismiss is, that the plaintiff failed to furnish a bond with surety or sureties, as required by St. 1882, c. 95, and Pub. Sts. c. 154, § 52. The record of the District Court recites that the plaintiff " deposits the sum of two hundred dollars to prosecute her said appeal with effect," etc. The date of the writ is May 24, 1892, and the appeal was taken in July, 1892. The St. 1893, c. 396, § 26, therefore, has no application, because it was passed long after the appeal. The plaintiff seems to have followed the law at the time in force concerning appeals from the judgment of a trial justice; see Pub. Sts. c. 155, § 30, which by c. 154, § 39, was made applicable to appeals from the judgment of a police or district court. It has been held that the effect of St. 1882, c. 95, was, that in police and district courts, as well as in municipal courts, the party appealing must file a bond with surety or sureties, instead of entering into a recognizance. *Santom* v. *Ballard*, 133 Mass. 464. *Henderson* v. *Benson*, 141 Mass. 218. But it has not been decided that the provision for making a deposit in appeals from trial justices and police and district courts was repealed by that statute.

The Pub. Sts. c. 154, § 52, is as follows: "In said municipal courts, instead of entering into a recognizance, the party appealing in civil proceedings shall file a bond," etc., but nothing is said about making a deposit, or that a bond shall be given instead of making a deposit. St. 1880, c. 20, § 1, authorized the making of a deposit, instead of entering into a recognizance or filing a bond in appeals in civil actions from the judgment of a municipal, district, or police court or trial justice, and this right was retained in the Public Statutes, in the case of appeals in civil proceedings from the judgment of a police or a district court, or a trial justice.

St. 1882, c. 95, makes the Pub. Sts. c. 154, § 52, applicable in civil proceedings to the several municipal, police, and district courts in the Commonwealth. We think that this statute must be construed as only authorizing bonds instead of recognizances, and that the existing provisions concerning a deposit were not affected by it. Those provisions were therefore in force in appeals in civil proceedings from the judgment of the District Court, where this appeal was taken.

If the law were otherwise, we doubt whether the plaintiff, being the party appealing, could maintain her motion after a trial upon the merits in the Superior Court, without objection by her. See *Wheeler & Wilson Manuf. Co.* v. *Burlingham*, 137 Mass. 581; *Granger* v. *Parker*, 142 Mass. 186; *Folsom* v. *Cornell*, 150 Mass. 115.    *Order overruling the motion affirmed.*

*J. W. Sheehan & L. Cutting*, for the plaintiff.

*J. E. Sullivan & D. F. O'Connell*, for the defendant.