CHARLES H. SPRAGUE vs. CLEMENT A. AUFFMORDT
& others, trustees.

Suffolk.    January 12, 13, 1903. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Default, Appeal.    *Trustee Process.    Jurisdiction.*

St. 1885, c. 384, § 10, R. L. c. 173, § 54, giving the courts power, in their discretion, to take off defaults at any time before judgment, applies to defaults of persons summoned as trustees as well as to principal defendants.

It is no ground of objection to the discharge of one summoned as trustee, that the defendant is absent from the Commonwealth and no service has been made upon him, and that a bond has been given by a claimant to dissolve the attachment.

Jurisdiction over an absent defendant, as the ground for a judgment against him personally, cannot be obtained by trustee process, but only jurisdiction to render a judgment against the property attached.

Where an action has been begun against an absent defendant by an attachment under trustee process, and the only parties before the court are the plaintiff and the trustee, an order discharging the trustee is in effect a final judgment, from which an appeal will lie.

CONTRACT against certain non-residents doing business as copartners in the city of New York. Writ dated July 29, 1901.

No service was made on any of the defendants. Certain business corporations, and persons carrying on business as copartners, were summoned as trustees. James T. Franklin, a resident of New York, appeared as claimant, and filed a bond dissolving the attachments by trustee process. The proceedings took the course stated by the court, and the case came up on appeals by the plaintiff from the denials by the Superior Court of the plaintiff's motions to vacate orders taking off the defaults of six of the trustees, and from orders of that court discharging the same six trustees.

*C. H. Sprague, pro se.*

*E. F. McClennen,* for the trustees.

KNOWLTON, C. J.    Some of the trustees failed to file answers seasonably, and were defaulted. Afterwards the defaults were stricken off and the trustees were allowed to file answers. Their answers being made under oath and showing no funds in their hands, they were, upon their several motions, discharged. The

plaintiff, before they were discharged, filed a motion in each case to vacate the order taking off the default and allowing the filing of an answer. These motions were denied. The plaintiff appealed from the orders denying them and from the orders discharging the trustees, and the case is before us on these appeals.

The statute gives the court power, in its discretion, to take off defaults at any time before judgment. St. 1885, c. 384, § 10. R. L. c. 173, § 54. We are of opinion that this part of the statute applies to trustees as well as to principal defendants. It must be assumed, therefore, that the court acted properly in taking off the defaults, and rightly denied the motions to vacate the orders.

Inasmuch as the several answers disclose no property in the hands of the trustees, they were rightly discharged. Many months had elapsed after the answers were filed, and it is not contended that the plaintiff lacked opportunity to interrogate the trustees, or that he desired to interrogate them, or to show in any way that there were funds in their possession.

His contention that, because the defendants were absent from the Commonwealth and no service was made upon them and a bond was given to dissolve the attachment, the trustees ought not to have been discharged, is without foundation. The bond was only to pay the sums for which the trustees should be charged, and the plaintiff, by a process of this kind, could not in any event get jurisdiction of the defendants to obtain a judgment against them personally. The jurisdiction of the court was only to render a judgment against such property as had been attached. *Eliot* v. *McCormick*, 144 Mass. 10.

The trustees contend that the appeals are prematurely entered. It is true that an appeal upon an interlocutory question, ordinarily cannot be heard in this court until further proceedings are had in the case and the case is ripe for judgment. But in the present case the only parties before the court are the plaintiff and the trustees, and the order discharging the trustees is in effect an order for a final judgment. *Kellogg* v. *Waite*, 99 Mass. 501. *Wasson* v. *Bowman*, 117 Mass. 91. This order being valid, the plaintiff cannot proceed further in the case, for there is no attachment, and no jurisdiction of the

defendants. We are, therefore, of opinion that the appeal is properly before us. *Commonwealth* v. *McCormack*, 126 Mass. 258. *Commonwealth* v. *Dunleay*, 157 Mass. 386. *Maley* v. *Moshier*, 160 Mass. 415.

*Order discharging trustees confirmed.*