OLIVER DITSON COMPANY *vs.* A. M. TESTA.

Suffolk.  March 26, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & De COURCY, JJ.

*Practice, Civil,* Appeal from municipal court, Trial by jury, Appeal from Superior Court, Order of judge. *Rules of Court. Abatement.*

A defendant who has filed in a municipal court a special plea in abatement to the jurisdiction of the court on the ground that no valid service has been made upon him, alleging that he is a resident of another State and has no last and usual place of abode in this Commonwealth, and who has appealed to the Superior Court from the decision of the municipal court upon this plea, has a right to a trial by jury in the Superior Court upon the issues of fact raised by his plea.

An order of the Superior Court, that a plea in abatement to the jurisdiction of that court on the ground that no valid service has been made upon the defendant, who, it is alleged, is a resident of another State and has no last and usual place of abode in this Commonwealth, be "overruled for want of prosecution," is a judgment within the meaning of R. L. c. 173, § 96, as amended, from which an appeal to this court may be taken.

An order made by a judge of the Superior Court will be presumed to have been made in accordance with the rules of that court, which have the force of law in proceedings therein.

Upon a plea in abatement to the jurisdiction of the court in which an action was brought on the ground that no valid service had been made upon the defendant, who was alleged to be a resident of another State and to have had no last and usual place of abode in this Commonwealth, on which the defendant had claimed a trial by jury, a judge of the Superior Court made the order "Plea overruled for want of prosecution," and the defendant appealed from the order. It appeared that under Rule 17 of the Superior Court the case could not have been put upon the trial list until the month succeeding that in which the order was made. There was nothing in the record to indicate that the defendant had not insisted at all times upon his right to a trial by jury. *Held,* that, there being nothing to show that at the time the order was entered there was any authority in the Superior Court to require the defendant to do anything that he had not done, error of law was apparent on the face of the record, and the order must be reversed.

RUGG, C. J.  This action was brought in the Municipal Court of the city of Boston, where the defendant appeared specially and

filed a plea to the jurisdiction on the ground that no valid service had been made upon the defendant, setting forth that he was not a resident of Boston as alleged in the writ, and that he had within the Commonwealth no last and usual place of abode, but that he was a resident of Bath in the State of Maine. The case was disposed of in the Municipal Court without the filing of any further answer or plea or the raising of any other issue. The case was entered on the defendant's appeal in the Superior Court on the first Monday of December, 1911, and the defendant on the same day claimed a trial by jury upon the facts alleged in his plea. He had a right to such a trial. *O'Loughlin* v. *Bird*, 128 Mass. 600. On January 6, 1912, the plaintiff filed a motion that the defendant's plea be disallowed, and on January 11, 1912, there was entered the order "Plea overruled for want of prosecution." *

It must be regarded as settled that under the circumstances here disclosed this order of the Superior Court was a judgment within the meaning of R. L. c. 173, § 96, as amended by St. 1906, c. 342, § 2, St. 1910, c. 555, § 4, so that, on an appeal (taken properly and entered after the case is ripe for final judgment), questions of law appearing on the record are rightly before this court, and that the sole remedy is not by exception. *Maley* v. *Moshier*, 160 Mass. 415. *Commonwealth* v. *Dunleay*, 157 Mass. 386. *Commonwealth* v. *McCormack*, 126 Mass. 258. *Sprague* v. *Auffmordt*, 183 Mass. 7. The precise course of practice here disclosed appears to have been followed in *Kimball* v. *Sweet*, 168 Mass. 105. The language in *Cummings* v. *Ayer*, 188 Mass. 292, at p. 293, simply means that the right to enter an appeal in this court is in abeyance until a final judgment, and not that the right to claim the appeal is suspended.

If the plaintiff's motion, filed on January 6, 1912, that "the defendant's plea in abatement be disallowed," be treated as a motion that the plea be adjudged insufficient as matter of law, it could not have been granted. The plea not having been demurred to was sufficient at that stage to raise the issue of fact stated in it. If the motion was intended to be the basis for evidence outside the record, it came within the provisions of Rule 29 of the Superior

---

* This order was made by *Pierce*, J. The defendant appealed, still appearing specially for that purpose.

Court, which is as follows: "The court will not hear any motion grounded on facts, unless the facts are verified by affidavit or are apparent upon the record and the papers on file in the case, or are agreed and stated in writing and signed by the parties or their attorneys. The same rule shall be applied to all facts relied on in opposing any motion." The motion at bar was not accompanied by any affidavit of facts. It did not relate to anything upon the record, for there is nothing upon the record or in the papers on file in the case to support the contention that the plea should be overruled. No agreed facts signed by the parties or their attorneys was filed. It cannot be assumed that the Superior Court violated its rule: "A rule of court has the force of law, and is binding upon a judge, and he has no authority to dispense with it." *Pratt* v. *Pratt,* 157 Mass. 503, 505. *Norwood* v. *Dodge,* 215 Mass. 351. It follows that no facts or circumstances outside the record rightly could have been considered by the court. The order of the court entered on January 11, 1912, did not follow the motion, but over-ruled the answer or plea "for want of prosecution." There does not seem to have arisen then any duty of active prosecution which the defendant could have violated. By Rule 17 of the Superior Court the next trial list after the appeal was entered in that court was made up for January, 1912. But this case could not have been put upon that list, for the same rule provides that "lists of actions for trial shall be handed to the clerk on or before the first day of the preceding month." As applied to this case, that means on or before the first day of December, 1911, when this case was not in that court at all. By the utmost diligence it could not have been on the list before February, 1912. No special order respecting the case (if it be assumed that one could have been made) appears on the record. The order overruling the plea for want of prosecution is not equivalent to a finding that the plea had been waived or that trial by jury had been waived and that the judge had found against the defendant on the facts. The judge did not try the case. At all events the record does not show that he undertook to try it. There is nothing in the record to indicate that by waiver or otherwise the defendant was not entitled to a trial by jury. So far as appears on the record, the defendant insisted upon his rights at all times. There is no verdict by a jury upon the issue as to which he had a right to a trial by jury.

There was no burden on the defendant to go forward at the time the order was entered by the Superior Court. So far as here disclosed there was no authority vested in the Superior Court to require the defendant to do anything at the time the order was entered. Hence there is error of law apparent upon the face of the record.

*Judgment reversed.*

The case was submitted on briefs at the sitting of the court in March, 1913, and afterwards was submitted on briefs to all the justices.

*C. Toye,* for the defendant.

*A. M. Schwarz & S. A. Dearborn,* for the plaintiff.