FRANK CHERASKA & another *vs.* NARSES OHANASIAN & another.

Suffolk.    November 18, 1926.— May 18, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Practice, Civil,* Appeal. *Pleading, Civil,* Declaration, Demurrer. *Deceit.*

Under G. L. c. 231, § 96, an appeal lies to this court from an order by the Superior Court sustaining a demurrer to a declaration, although no judgment has been entered in accordance with the order.

A demurrer to the declaration in an action of tort for deceit must be overruled if the declaration contains an allegation that the plaintiff as owner was induced to sell real estate to the defendant at a reduced price owing to false representations by the defendant, not known to the plaintiff to be false, that no real estate broker or agent was connected with the transaction, when the defendant knew that there was a real estate broker or agent connected with the transaction.

An allegation in specifications, filed by the plaintiff in the action above described, that an agreement for sale, signed in reliance upon the false representations of the defendant, contained the clause, "It is understood that a no broker's commission of . . . the said sale is to be paid by the said party of the first part," the plaintiff, did not narrow nor cut down the cause of action sufficiently pleaded in the declaration, the statement in the agreement not operating as a merger of the fraud in the contract.

CONTRACT by Frank Cheraska and Victor Sinkevich against Narses Ohanasian and Lucy Ohanasian. Writ in the Municipal Court of the City of Boston dated March 5, 1924.

The declaration was amended, and then alleged "that through the fraudulent representations of the defendants they were induced to enter into an agreement for the sale of certain real estate located at 137 and 139 Dorchester Street, South Boston, Massachusetts, and to subsequently convey to the said defendants the said property; that said fraud consisted in the oral and written statements and representations of the defendants that no real estate broker or agent was connected with the transaction, when the said defendants knew that there was such a real estate broker or agent in the transaction; that acting upon the said representations oral and written of the defendants the plaintiffs conveyed the said property to the defendants as aforesaid; that in consideration of the statements of the defendants, so fraudulently and falsely made, the plaintiffs were induced to sell the said property at a greatly reduced price to the said defendants; that the defendants made the said statements and representations with the intention that the plaintiffs should act upon them and that the plaintiffs did act upon them as aforesaid and were subsequently compelled to defend a suit for a broker's commission for said sale and satisfied a judgment obtained at said trial and were otherwise damaged all to the amount as set forth in their writ."

The defendants severally filed motions for specifications. In response to a motion for specifications, "By what 'written statements and representations of the defendants' did the defendants fraudulently represent that no real estate broker or agent was connected with the transaction," the plaintiffs in a document filed January 5, 1926, stated: "By a writing signed by authority of and at the direction of the defendant a copy whereof" read as follows:

"I, Narses Ohanasian, testify and say that the property at 137 and 139 Dorchester Street was not shown to me by any real estate agent whatsoever, and in case of any question arising in this matter I shall be responsible for any claims brought against Mr. Frank Cheraska and Victor Sinkevich."

In response to a motion for specifications, "Where, by whom, when and in the presence of whom did the defendants fraudulently represent orally, as set forth in the plaintiffs' substituted declaration, that no real estate broker or agent was connected with the transaction," the plaintiffs stated eight occasions and also stated: "On various other occasions, too numerous to mention (sufficient evidence having been given above to substantiate the allegations contained in the plaintiffs' declaration), to the plaintiffs and to Joseph M. Veracka, Esq."

The plaintiffs specified $1,200 as the "amount of the reduction in price at which the plaintiffs say they were induced to sell the said property to the defendants."

The defendants demurred. The demurrers were heard and sustained by *Morton*, J., in the circumstances described in the opinion. The plaintiffs appealed.

*L. J. Halloran*, for the plaintiffs, submitted a brief.

*J. A. Locke*, for the defendants.

RUGG, C.J. This is an action of tort sounding in deceit. In compliance with order of the court, the plaintiffs filed specifications stating with further particularity the grounds of liability set forth in the declaration. Each of the defendants filed a separate demurrer assigning as causes, (1) failure to state a cause of action in the declaration, (2) want of allegation of loss, (3) misjoinder of parties defendant. An order of court was made in these words: "Demurrers are

sustained. In so ruling I have considered the specifications as part of the declaration." The plaintiffs appealed from this order.

The contention of the defendants that the case was entered prematurely in this court cannot be sustained. It is provided by G. L. c. 231, § 96, that "A party aggrieved by any order of the Superior Court sustaining or overruling a demurrer which alleges that the facts stated in the pleadings demurred to do not in law support or answer the action . . . may appeal therefrom to the Supreme Judicial Court; but, except as provided for appeals in equity by section twenty-six of chapter two hundred and fourteen, no appeal or exception shall be entered in the Supreme Judicial Court until the case is in all other respects ripe for disposition by the Superior Court." These words of the statute expressly cover the case at bar. It is manifest that the plaintiffs, by appealing from the order without asking leave to amend their pleadings, elected to rely upon the declaration as framed. See *Capaccio* v. *Merrill*, 222 Mass. 308. The case, therefore, was ripe for a final judgment in favor of the defendants in accordance with the order sustaining the demurrer. As pointed out in *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134, the statutory provisions touching appeals to this court, as contained in R. L. c. 173, § 96, St. 1906, c. 342, § 2, St. 1910, c. 555, § 4, were changed by St. 1918, c. 257, § 432, now embodied in G. L. c. 231, § 96. These earlier statutes permitted appeals only to a "party who is aggrieved by a judgment of the Superior Court upon a demurrer . . . or . . . by any other judgment founded upon matter of law apparent on the record . . . ." While these earlier statutes were in force, it was necessary that there be a judgment in the superior court before an appeal could be entered in this court. *Lowd* v. *Brigham*, 154 Mass. 107, 109. *Cummings* v. *Ayer*, 188 Mass. 292, 293. *Cressey* v. *Cressey*, 213 Mass. 191, 192. *Cotter* v. *Nathan & Hurst Co.* 211 Mass. 31. *Oliver Ditson Co.* v. *Testa*, 216 Mass. 123, 124. *Weil* v. *Boston Elevated Railway*, 216 Mass. 545, 546–548, and cases there collected. The difference between a "judgment," from which alone under the earlier statutes an appeal could be

taken to this court, and "any order" of the kind described, from which appeal lies under the present statute, is too plain to require elucidation. For definitions of judgment, see *Gould's Case,* 215 Mass. 480, 482, *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 19, and *Morse* v. *O'Hara,* 247 Mass. 183, 186, and cases there collected.

By virtue of the words of the statute at present governing the practice, G. L. c. 231, § 96, it is no longer essential (as it was before St. 1918, c. 257, § 432) that judgment be entered in accordance with an order sustaining a demurrer before there can be appeal to this court. Appeal lies from such an order. The case at bar is rightly before us. *Samuel* v. *Page-Storms Drop Forge Co., supra. Graton* v. *Cambridge,* 250 Mass. 317, 318. *McMillan* v. *Gloucester,* 244 Mass. 150. *Norcross* v. *Haskell,* 251 Mass. 30, *Wrinn* v. *Sellers,* 252 Mass. 423, 426. *Federal National Bank* v. *Koppel,* 253 Mass. 157. *Sullivan* v. *Roche,* 257 Mass. 166, 170.

It was alleged in the substitute declaration of the plaintiffs that they were induced to enter into an agreement for sale and to sell real estate to the defendants at a reduced price by reason of the fraudulent representations of the defendants "that no real estate broker or agent was connected with the transaction when the said defendants knew that there was such a real estate broker or agent in the transaction," with further allegations of reliance on such representations by the plaintiffs to their loss. Specifications subsequently were filed by the plaintiffs pursuant to the order of court made on motion of the defendants. Thereafter the defendants demurred to the plaintiffs' substituted declaration, with assignment of causes already stated. It becomes unnecessary to consider whether the court was in error in considering the specifications as part of the declaration, because we are of opinion that in any event the demurrer ought to be overruled.

The liability of the plaintiffs for the services of the real estate agent did not arise from the fraud of the defendants. The fraud alleged to have been practised was that the defendants persuaded the plaintiffs, by reason of their false representations to the effect that to their knowledge no real estate broker had been connected with the transaction, to sell

their property to the defendants for a less price than they otherwise would have demanded, whereas, in truth, to the knowledge of the defendants such broker was connected with their relation to the transaction. The plaintiffs may recover the loss thus suffered if they are able to prove the essential allegations of their declaration. *Brackett* v. *Perry*, 201 Mass. 502, 504. *Kilgore* v. *Bruce*, 166 Mass. 136. *Chatham Furnace Co.* v. *Moffat*, 147 Mass. 403. See *Farquhar* v. *Farquhar*, 194 Mass. 400.

This allegation, while not as full as might be desired, cannot be pronounced too nebulous to be the subject of judicial inquiry. It sets forth definite facts which constitute fraud. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73. It is not fatally deficient within the rule of *Nichols* v. *Rogers*, 139 Mass. 146, and *Boston* v. *Treasurer & Receiver General*, 237 Mass. 403, 415.

The averment of damage is sufficient, apparently, and that is made definite by one of the specifications filed.

The specifications do not narrow nor cut down the cause of action sufficiently pleaded in the declaration. The agreement for sale signed by the parties contained this clause: "It is understood that a no broker's commission of . . . the said sale is to be paid by the said party of the first part." The plaintiffs were the "party of the first part." This was not a merger of the fraud in the contract. It was not co-extensive in terms with the fraud alleged and does not necessarily relate to that subject. The cause of action is that the plaintiffs were induced to execute that contract by the fraudulent representations of the defendants.

There is nothing at variance with this conclusion in *De Pasquale* v. *Bradlee & McIntosh Co.* 258 Mass. 483.

The written statement signed by Narses Ohanasian was dated about three weeks after the contract for sale. It does not on its face affect the fraudulent representations alleged to have been made at an earlier date by both defendants. This affords no support to the demurrer on the ground of misjoinder of defendants. *Patton* v. *Gurney*, 17 Mass. 182.

*Order sustaining the demurrer reversed.*