C & R CONSTRUCTION COMPANY *vs.* CITY OF BOSTON.

Suffolk.    November 5, 1930. — November 25, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Contract,* Of indemnity. *Notice. Evidence,* Presumptions and burden of
proof, Materiality, Competency. *Practice, Civil,* Ordering verdict.

A contract with a city for construction work in a street provided that
the contractor should refill a certain trench dug by him and replace
the paving in a manner suitable for the passage of traffic; that he
should indemnify the city from all claims against it resulting from
the construction; and that final payment by the city to the con-
tractor "shall be deemed the final settlement under the contract."
The city made final payment. Subsequently, one, who alleged that
he had sustained injuries as a result of a defect in the street at the
place of construction, recovered judgment against the city, which it
paid. The city claimed a right to set off the amount of such judg-
ment in an action by the contractor against it upon another contract,
and, at the hearing of such claim in set-off, there was evidence that
the personal injuries which were the foundation of the judgment re-
sulted from a defect in the pavement near the refilled trench; and
also evidence that there was no defect in the street at the time the
injuries occurred. The trial judge ordered a verdict for the city on
its claim in set-off. *Held,* that
    (1) The final payment by the city to the contractor was not a bar
to the city's claim;
    (2) The trial judge properly admitted in evidence a notice from the
city, served on the contractor, that the action for personal injuries
was pending against the city and that the city called upon the con-

tractor to assume the defence thereof: the notice was material if the city wished to establish that the contractor was bound by the verdict in that action;

(3) The burden rested on the city to prove that the judgment was binding upon the contractor;

(4) Although the evidence warranted a finding that the defect for which the action for personal injuries had been brought was one that the contractor was bound to indemnify the city against and resulted from work of construction under the contract and that the judgment bound the contractor, such a finding was not required as a matter of law: the question was for the jury;

(5) The ordering of the verdict was erroneous.

It is only when the evidence at the trial of an action, as matter of law, requires a particular verdict, or is binding upon a party so that contradictory evidence cannot control it, that a verdict can be ordered in favor of the party upon whom the burden of proof rests. Per WAIT, J.

CONTRACT. Writ in the Municipal Court of the City of Boston dated March 28, 1929.

The defendant filed the declaration in set-off. Upon removal to the Superior Court the action was tried before *Morton*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the plaintiff in the sum of $2,774.17; and ordered a verdict for the defendant, plaintiff in set-off, in the sum of $2,781.50. The plaintiff alleged exceptions.

*J. J. Donahue*, (*C. J. Redmond* with him,) for the plaintiff.

*H. M. Pakulski*, Assistant Corporation Counsel, for the defendant.

WAIT, J. The plaintiff, which will hereinafter be called the company, on March 28, 1929, brought an action at law against the city of Boston, hereinafter called the city, to recover a balance due under a contract made in October, 1926, and completed July 19, 1928, for work upon Beacon Street in Boston. The city admitted its liability therefor. The city declared in set-off for the amount paid in settlement of an execution issued upon a judgment entered in December, 1926, upon a verdict against it in favor of one Roewer, recovered by Roewer for damages sustained by him on August 17, 1924, arising out of a defect in Bowker Street, Boston. The company admitted that said suit was brought, and that a verdict was returned against the city in the amount named.

There was evidence that the company in 1924 did certain work for the city in Bowker Street under a contract which *inter alia* provided that it would indemnify and hold the city harmless " against, all claims for damages to persons or property occasioned by, or resulting from, blasting or other methods or processes in the work of construction, whether such damages be attributable to negligence of the Contractor or his employees or otherwise "; and which required the company to refill its trench and, after refilling and replacing paving, to maintain it " in such a condition that traffic may be carried on over the same with safety." There was evidence tending to show that Roewer was injured in consequence of a defective condition in the paving near the refilled trench, although certain testimony, if believed, would prove that no such defect existed at the time of his injury. There was evidence that the city had made final payment to the company under the 1924 contract, which provided that " any balance found as provided in this article [which dealt with payments] shall be deemed the final settlement under the contract." Such payment, however, was not a bar to the city's claim for damage resulting from negligence of the contractor; and there was no error in denying the plaintiff's motion for a directed verdict in its favor on the defendant's declaration in set-off. The judge admitted, subject to the company's exception, a notice from the city to the company, dated January 22, 1925, that action was pending against the city brought by Roewer claiming damage from a defect in Bowker Street caused by the improper refilling of the excavation. The notice, which was served by an officer, charged the company with responsibility and called upon it to assume defence of the action. The officer's return showed acceptance of service for the company by its attorney. There was no evidence that it paid any attention to the notice. The ruling was right. It was material to show that the company had been notified of Roewer's claim and requested to defend against it, if the city wished to establish that the company was bound by the verdict.

The evidence did not go far enough to show, as matter of

law, that the defect for which Roewer sued was one that the company was bound to indemnify against and resulted from methods or processes in its work of construction under the contract of 1924, nor that the judgment bound the company. Whether liability rested upon the company was in part matter of fact for a jury. The trial judge, however, directed the jury to find for the city in set-off against the company for the amount paid upon the judgment with interest. In so doing he was in error. It is only when the evidence, as matter of law, requires a particular verdict, or is binding upon a party, so that contradictory evidence cannot control it, that a verdict can be ordered in favor of the party upon whom the burden of proof rests. *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314. *Eddy* v. *Johnston,* 250 Mass. 299, 301. *Hicks* v. *H. B. Church Truck Service Co.* 259 Mass. 272, 276. The burden rested on the city to prove that the judgment was binding upon the company. Although the evidence might sustain a finding to that effect, it did not require it as matter of law. The company was not bound by any admission which established its liability. Its exception to the direction of the verdict in set-off for the city must be

*Sustained.*