KATHERINE LANE *vs.* DAVID D. SULLIVAN.

Middlesex.    October 4, 1938. — January 31, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Pleading, Civil,* Declaration.    *Contract,* Consideration.

A demurrer properly was sustained to a declaration based upon a promise in writing that the defendant would make payments to the plaintiff upon certain stated contingencies where, although there was an allegation that the plaintiff had "performed all of the obligations imposed upon" him "by the terms of said contract," there was no allegation of any act or promise by the plaintiff as a consideration for the defendant's promise.

CONTRACT. Writ in the Superior Court dated December 6, 1937.

A demurrer to the declaration was sustained by *M. Morton*, J. The plaintiff appealed.

*R. B. Heavens*, for the plaintiff, submitted a brief.
*F. J. Kelley*, for the defendant.

Qua, J. The defendant's demurrer was rightly sustained on the ground that the declaration fails to state any consideration for the defendant's promise.

The declaration sets forth a promise in writing by the defendant to pay the plaintiff, upon certain contingencies, the sum of $4,000, "plus her share of the estate of Elizabeth Christmas." No act is alleged to have been performed and no promise is alleged to have been given on the part of the plaintiff in exchange for the promise of the defendant. The statement that the plaintiff "has performed all of the obligations imposed upon her by the terms of said contract" is not an allegation of the consideration agreed upon. *Newton Rubber Works* v. *Graham*, 171 Mass. 352. *Wesalo* v. *Commissioner of Insurance*, 299 Mass. 495, 498.

If, as the plaintiff suggests, an oral promise by her not to contest an account "in the estate of Elizabeth Christmas" was the consideration, she should have alleged that fact in order that her declaration might show a valid contract. *Stone* v. *White*, 8 Gray, 589, 593. *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 36. *Gloucester Mutual Fishing Ins. Co.* v. *Boyer*, 294 Mass. 35, 40.

The rule that the consideration for a written promise may be shown at the trial by parol evidence does not do away with the necessity of a sufficient declaration.

G. L. (Ter. Ed.) c. 231, § 19, whatever may be its true construction, has no bearing upon the correctness of the order sustaining the demurrer.

*Order sustaining demurrer affirmed.*