OSCAR KELJIKIAN & another *vs.* STAR BREWING COMPANY.

Middlesex.    February 10, 1939. — April 13, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Contract*, Implied.  *Judgment.  Agency*, Scope of authority.  *Pleading, Civil*, Demurrer.  *Practice, .Civil*, Appeal, Judgment ordered in Supreme Judicial Court.  *Words*, "Judgment."

A demurrer properly was sustained to a declaration alleging in substance that a judgment was recovered by a customer against the plaintiff, proprietor of a restaurant, which the plaintiff was "obliged to pay," and that the judgment was based on an injury sustained when the customer fell into a trap door in the restaurant negligently opened by an employee of the defendant in the instant action, where there was no allegation that the defendant's employee was acting within the scope of his employment, or that the judgment was one that could not be avoided, or that the plaintiff had notified the defendant to defend the action brought by the customer.

Historical review by LUMMUS, J., of the statutes and decisions respecting appeals in actions at law, particularly as to appeals from decisions on demurrers.

On an appeal in an action at law from an order sustaining a demurrer to the declaration, where the plaintiff had not requested leave to amend, this court, after deciding that the demurrer properly was sustained, issued a rescript affirming the order and ordering judgment for the defendant.

CONTRACT OR TORT.  Writ in the Superior Court dated May 25, 1938.

The demurrer to the declaration was sustained by *M. Morton*, J.

*A. V. Harper*, for the plaintiffs.

*G. P. Walsh*, (*E. B. Cass* with him,) for the defendant.

LUMMUS, J.  This action of "contract or tort" comes here upon the plaintiffs' appeal under G. L. (Ter. Ed.) c. 231, § 96, from an order sustaining a demurrer to the declaration.

The declaration alleges in substance that an employee of the defendant entered the plaintiffs' restaurant to deliver a cask of beer; that the employee "negligently and without

warning to the plaintiffs or their customers opened a trap door in the floor" into which a customer fell and was hurt; and that the customer brought an action against the plaintiffs and obtained judgment and execution for $600 and costs, which the plaintiffs were "obliged to pay," in addition to the expense of defending the action.

1. The allegation that the wrongdoer was an employee of the defendant does not imply that while doing the wrong he was acting within the scope of his employment. *McCann* v. *Tillinghast,* 140 Mass. 327. *Bacon* v. *Hooker,* 173 Mass. 554, 557–558. See also *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44, 47–48. Moreover, the declaration fails to allege that the plaintiffs were legally liable to the customer. If they were not, they would stand merely as volunteers needlessly discharging the obligation of the defendant. *Bancroft* v. *Abbott,* 3 Allen, 524. *Newell* v. *Hadley,* 206 Mass. 335, 342. *Bartholomew* v. *Stobbs,* 280 Mass. 559. Where the liability of the plaintiffs to the person injured has not been determined by a judgment binding upon the defendant, the plaintiffs must allege and prove that they were legally liable to the person injured and consequently paid under compulsion. It is not enough to allege and prove that the injured person obtained judgment against the plaintiffs; the plaintiffs must allege and prove that the judgment could not have been avoided. *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, 152, 153. *Woodbury* v. *Post,* 158 Mass. 140. *Boston Woven Hose & Rubber Co.* v. *Kendall,* 178 Mass. 232, 236. *Boston* v. *Brooks,* 187 Mass. 286. *Busell Trimmer Co.* v. *Coburn,* 188 Mass. 254. *Dunn* v. *Uvalde Asphalt Paving Co.* 175 N. Y. 214, 218. *White* v. *Maryland Casualty Co.* 139 App. Div. (N. Y.) 179, 185. See also *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 453. It is not alleged that the plaintiffs notified the defendant to undertake the defence of the action brought by the customer. In the absence of such notice the judgment in that action can have no binding force upon the defendant. *Consolidated Hand-Method Lasting Machine Co.* v. *Bradley,* 171 Mass. 127, 131–133. *Richstein* v. *Welch,* 197 Mass. 224. *C & R Construction Co.* v. *Boston,* 273 Mass.

280.  *Genard* v. *Hosmer*, 285 Mass. 259, 265, 266.  *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 449. *Standard Oil Co.* v. *Robins Dry Dock & Repair Co.* 32 Fed. (2d) 182.  The demurrer was, therefore, rightly sustained.

2. The remaining question is, What rescript ought to be entered?  What we shall say about demurrers is not necessarily applicable to demurrers in equity, which differ in history and purpose from demurrers in common law actions.  Langdell, Equity Pleading (2d ed. 1883), § 96. *Merchants' Bank of Newburyport* v. *Stevenson*, 7 Allen, 489.  *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122.

At common law, a demurrer raised an issue of law, upon which the judgment was staked.  By a rule of this court, adopted at Concord term, 1780, a plaintiff was given a general right to amend his writ and declaration "excepting after joinder in demurrer."  After such joinder no amendment was allowed.  *Tappan* v. *Austin*, 1 Mass. 31.  *Hamilton* v. *Boiden*, 1 Mass. 50.  *Holbrook* v. *Pratt*, 1 Mass. 96. *Haynes* v. *Morgan*, 3 Mass. 208.  *Bullard* v. *Nantucket Bank*, 5 Mass. 99.  Compare *Perkins* v. *Burbank*, 2 Mass. 81. A more general power of amendment was given by St. 1784, c. 28, § 14, and was broadened by Rev. Sts. (1836) c. 100, §§ 22, 23.  *Hartwell* v. *Hemmenway*, 7 Pick. 117, 121.  The joinder in demurrer has persisted in our law down to the present day.  It was provided by the practice act that "The opposite party shall be deemed to join in demurrer, if he shall not amend, which he may do, within ten days, upon such terms as the court may allow by a general rule."  St. 1851, c. 233, § 30.  The latter part of that sentence was amended by St. 1852, c. 312, § 20, to read "within such time and upon such terms as the court may allow."  Gen. Sts. (1860) c. 129, § 24.  Pub. Sts. (1882) c. 167, § 25.  R. L. (1902) c. 173, §§ 13, 49.  G. L. (1921) c. 231, §§ 15, 52.  G. L. (Ter. Ed.) c. 231, §§ 15, 52. The implication is that joinder in demurrer is the alternative and opposite of seeking to amend.  See Rules 8, 9 (16 Mass. 373); Rule 4 (24 Pick. 384).  But it was provided by the practice act that "when a demurrer shall be

sustained, overruled, or withdrawn, the court shall make such order as may be fit respecting the filing of an answer, or replication, or other allegation, or a trial of the facts." St. 1851, c. 233, § 33. St. 1852, c. 312, § 23. G. L. (Ter. Ed.) c. 231, § 19, and earlier statutes cited in the margin.

Under such a provision, it seems that judgment for the plaintiff can no longer be entered upon the overruling of a demurrer to the declaration, but that a defence to the merits must be permitted. *Dwight* v. *Holbrook,* 1 Allen, 560. *Hobson* v. *Satterlee,* 163 Mass. 402. *Treasurer of Boston* v. *American Surety Co.* 217 Mass. 507, 508. Compare G. L. (Ter. Ed.) c. 231, § 76, and as to criminal cases, G. L. (Ter. Ed.) c. 263, § 6, *Commonwealth* v. *Gloucester,* 110 Mass. 491, 496, 498. After a demurrer to the declaration has been sustained, however, and even after joinder in demurrer, and indeed even at an earlier stage of the case, in view of the permissive and discretionary nature of the statutory power to allow amendment, a judge may refuse to permit a plaintiff to amend his declaration. G. L. (Ter. Ed.) c. 231, § 51. *Cummings* v. *Ayer,* 188 Mass. 292. *Fay* v. *Boston & Worcester Street Railway,* 196 Mass. 329, 330, 336. *Grandchamp* v. *Costello,* 289 Mass. 506, 508. *Means* v. *Leveroni,* 297 Mass. 61, 64. *Urban* v. *Central Massachusetts Electric Co.* 301 Mass. 519, 524. Rule 23 of the Superior Court (1932) provides: "If a demurrer is sustained, and leave to amend is not denied, a case shall be deemed ripe for final judgment or decree only after ten days from the sustaining of the demurrer, or such other time as the court may allow for amendment, and then only after the disposition of any motion to amend the pleading demurred to, filed within such time. After the expiration of such time no motion to amend such pleading shall be filed without leave of court." That rule provides an orderly mode of seeking amendment, but neither gives a right to amend nor limits the power of the court to allow amendment at any time before final judgment.

A decision sustaining a demurrer to a declaration in an action at law may be brought to this court in one of three modes: (a) exceptions, a broad and inclusive remedy,

almost necessarily prosecuted before final judgment, G. L. (Ter. Ed.) c. 231, §§ 80, 113, 114, *Lowd* v. *Brigham,* 154 Mass. 107, 109, *Tyndale* v. *Stanwood,* 186 Mass. 59, *Norton* v. *Lilley,* 210 Mass. 214, 218–219, *Commonwealth* v. *Millen,* 290 Mass. 406, 411, *Brand* v. *Suburban Land Co. Inc.* 299 Mass. 336, 339; (b) report, of course before final judgment (*Granger* v. *Lovely,* 302 Mass. 504), under G. L. (Ter. Ed.) c. 231, § 111, *Brocklehurst & Potter Co.* v. *Marsch,* 225 Mass. 3; a mode originally not applicable to interlocutory matters except in the Supreme Judicial Court, Pub. Sts. (1882) c. 150, § 8, St. 1900, c. 311, *Terry* v. *Brightman,* 129 Mass. 535, *Liggett Drug Co. Inc.* v. *License Commissioners of North Adams,* 296 Mass. 41, 44; or (c) appeal, from the Superior Court and Land Court only, under G. L. (Ter. Ed.) c. 231, § 96, *Cowley* v. *Train,* 124 Mass. 226. This last mode, appeal, was adopted in the present case.

The history of appeals from the sustaining of demurrers at law is difficult to learn because of the long continued uncertainty as to the stage of the case at which the appeal had to be taken, and because of the different senses in which the word "judgment" was used in statutes and decisions.

The practice act (St. 1851, c. 233, § 33; St. 1852, c. 312, § 23; Gen. Sts. [1860] c. 129, § 64; Pub. Sts. [1882] c. 167, § 67), after providing that the decision of a single justice upon certain demurrers as to form should be final, provided as follows: "But if the cause of demurrer shall be that the facts stated do not in point of law support or answer the action, and the party against whom the decision shall be made shall not pray for leave to amend, the decision of such single justice shall not be final, but such demurrer may be further heard, upon appeal or otherwise, as is now provided in respect to such questions of law." In *Commonwealth* v. *Gloucester,* 110 Mass. 491, 497, Wells, J., said of the statute just quoted, "That statute . . . does not provide the mode in which such questions shall be carried up." See also *Cowley* v. *Train,* 124 Mass. 226. Exceptions or report could be used in appropriate cases. But turning to the statute as to appeals from the Superior Court, we find in

St. 1859, c. 196, § 26, Gen. Sts. (1860) c. 114, § 10, and Pub. Sts. (1882) c. 152, § 10, substantially the following provision: "A party aggrieved by a judgment founded upon matter of law apparent on the record, in any proceeding, civil or criminal, . . . may appeal therefrom to the supreme judicial court. An issue of law joined in the superior court shall not be waived by consent of parties after such appeal has been entered in the supreme judicial court, but that court may, for good cause, allow the parties to withdraw or amend their pleadings, and, if the same result in an issue of fact, the case shall be remanded to the superior court to be there tried . . . ."

It might be thought that the word "judgment" in that statute meant only the decision upon the demurrer, and that the appeal from that decision would, like an exception to an interlocutory ruling (*Commonwealth* v. *Gloucester*, 110 Mass. 491, 497), await the time when the case should be ripe for final judgment before being carried to the appellate court, in order to avoid piecemeal appeals. But since no time was limited for claiming the appeal until Common Law Rule 47 (1900) of the Superior Court (and none was clearly and expressly limited for criminal appeals until Rule 77 of the Superior Court [1932]), it might be thought that an appellant, though he need not wait, might as well wait for the case to become ripe for final judgment before claiming his appeal. *Bennett* v. *Clemence*, 3 Allen, 431, 433. *Webber* v. *Davis*, 5 Allen, 393, 394. *Oliver Ditson Co.* v. *Testa*, 216 Mass. 123, 124. But the reported cases came to indicate (though the proposition was denied in the case last cited) that he must wait for that stage of the case to arrive, before even claiming an appeal. Notwithstanding what is said in *Morse* v. *O'Hara*, 247 Mass. 183, 186, the "judgment" from which the statute gave an appeal, was held not to be the sentence which is the final judgment in a criminal case (see *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 19; *Commonwealth* v. *Millen*, 290 Mass. 406, 411), nor the final judgment upon which execution issues in a civil case, but the "judgment" in the now unfamiliar sense of a final determination of the issues of the case, making the

case ripe for final judgment in the strict and technical sense. *Commonwealth* v. *Gloucester*, 110 Mass. 491, 496–497. *Platt* v. *Justices of the Superior Court*, 124 Mass. 353, 355. *Commonwealth* v. *McCormack*, 126 Mass. 258. *Commonwealth* v. *Dunleay*, 157 Mass. 386. *Maley* v. *Moshier*, 160 Mass. 415. *Sprague* v. *Auffmordt*, 183 Mass. 7 (see *Reynolds* v. *Missouri, Kansas & Texas Railway*, 224 Mass. 253). *Oliver Ditson Co.* v. *Testa*, 216 Mass. 123, 124. *Boston Bar Association* v. *Casey*, 204 Mass. 331, 335. *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41, 43. *Long* v. *Quinn Brothers, Inc.* 215 Mass. 85, 86. In some cases a judgment or even a final judgment was said to be a prerequisite for appeal; but all that was meant, it seems, was a judgment in the less technical sense of final decision, expressed in an earlier statute, Rev. Sts. (1836) c. 82, § 6, as "judgment or decision . . . founded on matter of law apparent on the record" and in St. 1840, c. 87, § 5, as "judgment . . . founded upon matter of law apparent on the record." *Riley* v. *Farnsworth*, 116 Mass. 223, 225. *Hogan* v. *Ward*, 117 Mass. 67. *Boyce* v. *Wheeler*, 133 Mass. 554 (see *Lowd* v. *Brigham*, 154 Mass. 107, 109). *Elliot* v. *Elliot*, 133 Mass. 555. *Weil* v. *Boston Elevated Railway*, 216 Mass. 545. *Cheraska* v. *Ohanasian*, 259 Mass. 341, 344. See also *Zuccaro* v. *Nazzaro*, 216 Mass. 289, 290, where the statement was made that "there is no right to enter an appeal in this court until there is a final judgment" in the same sense. See also *Regal* v. *Lyon*, 212 Mass. 230, where the decision was not founded on matter of law apparent on the record. That the appeal in truth was entered and disposed of before the technical final judgment is indicated by St. 1891, c. 362, which provided for sentence notwithstanding frivolous appeals as well as frivolous exceptions (*Commonwealth* v. *Meserve*, 156 Mass. 61, 63 *et seq.*), until St. 1895, c. 469, provided that in all noncapital cases sentence should be imposed notwithstanding exceptions or appeal. G. L. (Ter. Ed.) c. 279, § 4; c. 278, § 28. *Commonwealth* v. *Millen*, 290 Mass. 406. See now St. 1935, c. 437, § 3.

"A judgment overruling or sustaining a demurrer is a judgment founded upon matter of law appearing on the

record." *Bennett* v. *Clemence,* 3 Allen, 431, 432. Where a demurrer was overruled, the appeal of the defendant could not be entered in the appellate court until the merits had been tried and the case had thus become ripe for final judgment, apart from possible exceptions which might go up at the same time as the appeal. *Bennett* v. *Clemence,* 3 Allen, 431, 433. *Kellogg* v. *Kimball,* 122 Mass. 163. *O'Connell, petitioner,* 174 Mass. 253, 262. But where a demurrer was sustained, the case was not deemed ripe for judgment so that the appeal could be entered in the appellate court until it had become clear that the question of law arising on the demurrer would not be made moot by amendment; in other words, until an order for judgment in favor of the demurrant. *Stetson* v. *Exchange Bank,* 7 Gray, 425, 426, 427. *Case* v. *Ladd,* 2 Allen, 130. *Commonwealth* v. *McCormack,* 126 Mass. 258. *McCallum* v. *Lambie,* 145 Mass. 234, 236–237. *Cummings* v. *Ayer,* 188 Mass. 292, 293, as explained in *Oliver Ditson Co.* v. *Testa,* 216 Mass. 123, 124. *Whiton* v. *Batchelder & Lincoln Corp.* 179 Mass. 169, 172, 174. *Walsh* v. *Turner Centre Dairying Association,* 223 Mass. 386.

The next statutory change after the Public Statutes was of little practical consequence. It consisted of combining Pub. Sts. (1882) c. 167, § 67, with c. 152, § 10, to form R. L. (1902) c. 173, § 96. In appearance, it added a new class of appeals at law, namely, an appeal from a "judgment" upon a demurrer which alleges that the facts stated do not support or answer the action. Actually, as has been shown, such a "judgment" had long been appealable because "founded upon matter of law apparent on the record." *Weil* v. *Boston Elevated Railway,* 216 Mass. 545, 546–547. Next came St. 1918, c. 257, § 432, which became G. L. (1921) c. 231, § 96, and G. L. (Ter. Ed.) c. 231, § 96. See Preliminary Report of Commissioners (1918) Vol. 2, page 175. That statute added what appeared to be a new and third class of appeals at law, namely, appeals from orders "for judgment upon a case stated"; but such orders were always, prior to St. 1913, c. 716, § 5, at least, the subject of appeal because "founded upon matter of law apparent

on the record." *Bearce* v. *Bowker,* 115 Mass. 129, 130. *Old Colony Railroad* v. *Wilder,* 137 Mass. 536. The three classes of appeals noted in *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134, all grow out of a single class. The statute of 1918 substituted the word "order" for the ambiguous word "judgment" in speaking of appeals from action upon demurrers, and made it clear that the appeal must be claimed within twenty days after the "order." It made clear that the appeal precedes and stays judgment. *Burnham* v. *Dollard,* 269 Mass. 530. It provided that "no appeal . . . shall be entered in the supreme judicial court until the case is in all other respects ripe for final disposition by the superior court."

A plaintiff appealing from the sustaining of a demurrer to his declaration has no right to come here until the case is ripe for final judgment in favor of the defendant if the order sustaining the demurrer shall be affirmed. The statutes and cases already reviewed show that when he appeals, instead of seeking to amend, so far as his strict rights are concerned he stakes the result of his lawsuit upon the adequacy of his case as stated in his declaration. *Cheraska* v. *Ohanasian,* 259 Mass. 341, 344. *Morrill* v. *Crawford,* 278 Mass. 250, 256–257. *Gallo* v. *Foley,* 299 Mass. 1, 3. If he were at liberty, instead of seeking to amend after an order sustaining a demurrer, to appeal and thus insist upon a decision by this court as to the sufficiency of his declaration, entertaining all the while a justified expectation that after a decision against him on appeal he would be allowed to amend and go on with the case, he could without risk compel this court to waste time and effort, needed for pressing and important matters, in deciding moot and inconsequential questions of pleading.

It is true, that the more common form of rescript has merely affirmed the order sustaining the demurrer, when the decision has been for the appellee. For example, see *Pollock* v. *New England Telephone & Telegraph Co.* 289 Mass. 255, 261; *Jacobs* v. *Mann,* 300 Mass. 258; *Lane* v. *Sullivan,* 302 Mass. 213. It may be (though compare *Dennehey* v. *Woodsum,* 100 Mass. 195, 198) that until St. 1913, c. 716,

§ 3, now G. L. (Ter. Ed.) c. 231, § 125, providing that this court "shall have power to render any judgment and to make any order that ought to have been made upon the whole case," the statutory provision that an appeal in an action at law shall not "transfer the case [to this court], but only the question to be determined," precluded this court from going farther by ordering judgment. St. 1859, c. 196, § 26. Gen. Sts. (1860) c. 115, § 12. Pub. Sts. (1882) c. 153, § 15. R. L. (1902) c. 173, § 117. G. L. (1921) c. 231, § 135. St. 1929, c. 265, § 1, omitting this provision. St. 1931, c. 219, restoring it. G. L. (Ter. Ed.) c. 231, § 135. *"Joannes"* v. *Underwood,* 6 Allen, 240. *Jarvis* v. *Mitchell,* 99 Mass. 530, 532. *McRae* v. *Locke,* 114 Mass. 96. *Rich* v. *Lancaster Railroad,* 114 Mass. 514. *Commonwealth* v. *Scott,* 123 Mass. 418. *Platt* v. *Justices of the Superior Court,* 124 Mass. 353, 355. *Terry* v. *Brightman,* 133 Mass. 536. *Burbank* v. *Farnham,* 220 Mass. 514. But though the rescript take the restricted form of merely affirming the order sustaining the demurrer, amendment of the declaration is not to be expected, unless demanded by some unusual considerations of justice. See *Moran* v. *Dunphy,* 177 Mass. 485, 487–488; *Berkwitz* v. *Dunham,* 269 Mass. 65, 66.

Under G. L. (Ter. Ed.) c. 231, § 125, it is now plain that our rescript may not only affirm the order sustaining the demurrer, but order judgment for the defendant. Judgment for the defendant, following the sustaining of a demurrer, commonly would not be a bar to a new action, based on the same cause of action, in which the defects of the earlier declaration might be avoided by the allegation of additional facts, unless the plaintiff had been given leave to amend his earlier declaration and had refused to do so. *Capaccio* v. *Merrill,* 222 Mass. 308. *Abbott* v. *Bean,* 295 Mass. 268. *Whitney* v. *Whitney,* 299 Mass. 547. After affirming an order sustaining a demurrer, judgment for the defendant has been ordered by this court in a number of cases. *Morrill* v. *Crawford,* 278 Mass. 250, 257. *Robitaille* v. *Morse,* 283 Mass. 27, 35. *Comerford* v. *Meier,* 302 Mass. 398, 406. *Judkins* v. *Hyannis Public Library Associa-*

*tion,* 302 Mass. 425, 427.   See also *Libby* v. *New York, New Haven & Hartford Railroad,* 277 Mass. 1.   That course will be adopted in the present case.   It is hard, as it was in *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582, to imagine a ground upon which the plaintiffs could have been liable to the customer and yet not guilty of culpable negligence making them *in pari delicto* with the defendant.   It does not appear that the plaintiffs sought any amendment in the Superior Court.

*Order sustaining demurrer affirmed.*
*Judgment for the defendant.*