Winson, J.
This is an action of contract in which the plaintiff seeks to recover from the defendant the amount of a judgment recovered ag’ainst the city by one Kempton in an action for personal injuries received by reason of a defect in that part of Massachusetts Avenue, Cambridge, situated between the rails of the defendant, and for which it is claimed the defendant is bound to indemnify the plaintiff under the provisions of the Acts of 1923, chapter 358.
By section 1 of said statute, it is provided that the defendant “shall keep in repair, to the satisfaction of the superintendent of streets . . . the paving, upper planking or other surface material of the portions of streets, roads and bridges occupied by its tracks . . . and shall be liable for any loss or injury that any person may sustain by reason of the carelessness, negligence or misconduct of its agents and servants in the construction, management and use of its tracks.”
'Section 2 provides that “when a party upon the trial of an action recovers damages ... of a city or town for an injury caused to his person or property by a defect in a street, highway . . . occupied by the tracks of said company, if said company is liable for such damages, and has had reasonable notice to defendant the action, the . . . city or town may recover of said company, in addition to the damages, all costs of both plaintiff and defendant in the action.”
The only question argued by either of the parties in their briefs is whether the defendant had “reasonable notice” to enter upon the defence of the action of Kempton v. Cambridge, so that it is now bound to indemnify the plaintiff.
Kempton sustained the injury, upon which his action was brought, on December 14, 1933. Notice of the injury was *86 sent by Kempton’s attorney both to the city and to the Boston Elevated Bailway. Said notice was dated January 6, 1934, and described the defect as a “paving block projecting above the surface of the street next to the left rail of the Boston Elevated Bailway car tracks between the out bound rails. ’ ’ On January 9, 1935, the defendant Bailway sent a counter notice, alleging that Kempton’s original notice was insufficient. No notice was sent by the city to the Bailway until June 14, 1935, when the following notice was sent by the City Solicitor to the defendant:
“I am enclosing herewith copy of a notice relating to an injury to Alfred S. Kempton which it is claimed occurred on December 14,1933.
“This accident is alleged to have been caused by a defect in the pavement between the rails of the outbound tracks of your company and you are consequently liable for any damages which the plaintiff may recover under the provisions of St. 1923, C. 358-.
“Suit has been brought against the City of Cambridge in the Third District Court of Eastern Middle-sex and has been marked for trial for Thursday, June 20th.
“I am therefore giving you notice to come in and defend this action on behalf of the City of Cambridge.”
Again, on July 10, 1935, the City Solicitor notified the defendant regarding said action as follows:
“I notified you on June 14th of the pendency of this action and requested you to come in and defend on behalf of the City of Cambridge.
“I am now writing to give you notice that the case is to be tried on Friday, July 12th, in the Third District Court of Eastern Middlesex and that I again demand that you come in and defend on behalf of the City of Cambridge.”
The Bailway did not appear nor participate in the defence of said action and the trial thereof on July 12, 1935, *87 resulted in judgment against the city in the amount claimed by it in the case at bar.
'The purpose of the requirement of notice was to give the defendant an opportunity not only to investigate the causes and the circumstances surrounding the accident but also to permit it toi take such steps in the action preliminary to the trial as it might deem advisable.
The defendant’s obligation to indemnify the city did not become important until the action was commenced. Then upon “reasonable notice to defend the action” by the city, the defendant was obligated to defend or be bound by the decision of the court.
Whether the notice was “reasonable” is to be determined upon all the circumstances surrounding the accident, the notice thereof, the time of the commencement of .the action, the time when the notice to defend was given by the city to the defendant, and the nature and contents thereof.
Ordinarily, whether a notice fairly complies with the requirements of a statute is a question of fact for the trial court. Putnam v. The Great Atlantic and Pacific Tea Company, Mass. Adv. Sh. (1937) 1789, 1790, and cases there cited.
It may, however, be a mixed question of law and fact. Guthrie v. J. J. Newberry Company, Mass. Adv. Shs. (1937) 649, 653.
The time of giving the notice is a material factor in determining whether it was reasonable. And what constitutes a reasonable time is a question of fact for the trial court. Johnson v. Kavanos, Mass. Adv. Sh. (1937) 193, 196. The trial judge found that it was not a reasonable notice.
‘ ‘Such a finding will stand provided it can be supported on any reasonable view of the evidence with all rational inferences of which it is susceptible. Moss v. Old Colony *88 Trust Company, 246 Mass. 139, 143.” Ashapa v. Reed, 280 Mass. 514, 516.
The first notice given by the city to the defendant was sent when the case was on the list for trial in six days, and when the trial date was postponed the city notified the defendant on July 10 that the case was set for trial on July 12. Said notices cannot be said to be “reasonable” as matter of law. The finding of the trial court that the city failed to give the defendant “reasonable notice” was warranted.
Proof of the giving of “reasonable notice” by the city to the defendant was essential to the plaintiff’s case. C. & R. Construction Co. v. Boston, 273 Mass. 280, 282.
The rule was stated in Genard v. Hosmer, 285 Mass. 259, 265, as follows:
“When a person is responsible over to another on some claim and is duly notified of the pendency of an action involving such claim, and requested to take upon himself the defence of it, he is no longer a stranger but is bound by the judgment because he has had the opportunity to appear and defend the action. Boston v. Worthington, 10 Gray, 496. New York Central Railroad v. William Culkeen S Sons Co., 249 Mass. 71, 77.”
See also Fistel v. Car and General Insurance Company, Mass. Adv. Sh. (1939) 1913, 1914, and cases cited.
Because in our view of the case, as here set forth, the failure of the city to give the defendant “reasonable notice” is decisive of the case, we do not deem it necessary to discuss the requests for rulings of the parties in detail. It is sufficient to say that the manner in which the trial court dealt with them was without error prejudicial to the plaintiff. The report is dismissed.